DECISION
{¶ 1} Defendant-appellant, Christopher J. Graham, appeals from a judgment of the Franklin County Court of Common Pleas denying his petition for post-conviction relief. Because (1) defendant's petition was not timely filed, and (2) the United States Supreme Court's opinion in Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531 does not apply to jointly recommended sentences, we affirm.
 {¶ 2} By indictment filed February 5, 1997, defendant was charged with one count each of complicity to aggravated murder, aggravated robbery, and involuntary manslaughter. On September 19, 1997, defendant entered a guilty plea to aggravated robbery and involuntary manslaughter pursuant to a sentence jointly recommended by the state and defendant. The trial court accepted defendant's guilty plea and on October 20, 1997, sentenced him to 16 years pursuant to the jointly recommended sentence proffered at the time of defendant's guilty plea.
 {¶ 3} Defendant appealed, contending that aggravated robbery and involuntary manslaughter were allied offenses of similar import and should have merged. Citing R.C. 2953.08(D), this court noted "defendant's sentence was jointly recommended by counsel for defendant and the state, and was imposed by a sentencing judge. Accordingly, defendant is prohibited from appealing the trial court's acceptance of the agreed sentence in an attempt to circumvent the terms of the plea agreement at the expense of the interests of the state." Finding no plain error in the trial court's failure to address the issue of merger, this court affirmed defendant's conviction and sentence. State v. Graham
(Sept. 30, 1998), Franklin App. No. 97APA11-1524.
 {¶ 4} On March 10, 2005, defendant filed a petition for post-conviction relief pursuant to R.C. 2953.21, contending (1) the trial court's maximum sentence of ten years on the involuntary manslaughter conviction was constitutionally improper under Blakely, and (2) the trial court's imposition of consecutive sentences was constitutionally improper underBlakely. The state responded with an answer and motion to dismiss, to which defendant filed a reply. By decision and entry filed May 12, 2005, the trial court denied defendant's petition for post-conviction relief, finding Blakely does not apply to jointly recommended sentences.
 {¶ 5} Defendant appeals, assigning two errors:
[I.] WHERE THE FACTS SHOW THE TRIAL JUDGE SENTENCED PETITIONER GRAHAM TO THE MAXIMUM SENTENCE OF TEN YEARS ON AN INVOLUNTARY MANSLAUGHTER COUNT, THE RESULT IS AN ENHANCED SENTENCE, CONSTITUTIONALLY IMPROPER UNDER BLAKELY v. WASHINGTON.
[II.] WHERE THE FACTS SHOW THE TRIAL JUDGE SENTENCED PETITIONER GRAHAM TO CONSECUTIVE SENTENCES TO INVOLUNTARY MANSLAUGHTER AND AGGRAVATED ROBBERY, THE RESULT IS AN ENHANCED SENTENCE CONSTITUTIONALLY IMPROPER UNDER BLAKELY v. WASHINGTON.
 {¶ 6} Because defendant's assignments of error are interrelated, we address them jointly. We do not, however, reach the merits of his assigned errors because (1) his petition for post-conviction relief was filed untimely, depriving the trial court of jurisdiction to reach the merits of his petition, and (2) Blakely does not apply to a sentence the parties jointly recommended.
 {¶ 7} The post-conviction relief process is a collateral civil attack on a criminal judgment, not an appeal of the judgment. State v. Steffen (1994), 70 Ohio St.3d 399, 410. "It is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained" in the trial court record. State v.Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233, discretionary appeal not allowed (2001), 92 Ohio St.3d 1441. Post-conviction review is not a constitutional right, but rather is a narrow remedy which affords a petitioner no rights beyond those granted by statute. State v. Calhoun (1999),86 Ohio St.3d 279, 281. A post-conviction petition does not provide a petitioner a second opportunity to litigate his or her conviction. State v. Hessler, Franklin App. No. 01AP-1011, 2002-Ohio-3321, at ¶ 32; Murphy, supra.
 {¶ 8} R.C. 2953.21(A)(2) provides the time limitation for filing a petition for post-conviction relief, stating the petition must be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." Here, defendant unquestionably did not file his petition within 180 days of the date his trial transcript was filed in the court of appeals: the trial transcript was filed on January 22, 1998, and his petition for post-conviction relief was filed on March 10, 2005.
 {¶ 9} R.C. 2953.23(A) provides that a court may not entertain an untimely petition unless, as relevant here, defendant demonstrates (1) that subsequent to the period prescribed in R.C.2953.21(A)(2), the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in defendant's situation, and the petition asserts a claim based on that right, and (2) by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found him guilty of the offenses of which he was convicted. In an attempt to invoke the provisions of R.C. 2953.23(A), defendant asserts that Blakely represents a new federal or state right that applies retroactively to defendant.
 {¶ 10} Contrary to defendant's contentions, this court has concluded Blakely does not recognize a new federal or state right that applies retroactively. State v. Myers, Franklin App. No. 05AP-228, 2005-Ohio-5998 (concluding Blakely does not apply retroactively to cases seeking collateral review of a conviction); State v. Cruse, Franklin App. No. 05AP-125, 2005-Ohio-5095; see, also, State v. Stillman, Fairfield App. No. 2005-CA-55, 2005-Ohio-6299 (concluding the Supreme Court did not make the decision in Blakely retroactive to cases already final on direct review). As a result, defendant's untimely petition for post-conviction relief left the trial court without jurisdiction to address the merits of his assigned errors.
 {¶ 11} Moreover, even if the trial court could have overcome the jurisdictional hurdle presented in defendant's untimely petition, defendant's attempt to apply Blakely to his sentence would be unpersuasive. The sentence the trial court imposed was precisely the one the state and defendant recommended to the trial court. Blakely does not apply to a jointly recommended sentence. State v. Brown, Franklin App. No. 05AP-375, 2006-Ohio-385. As this court explained in Brown, defendant'sBlakely claim "is premised upon the need for a jury to make certain statutorily required sentencing findings. However, given the joint sentencing recommendation, no findings were statutorily required to impose the * * * sentence. See State v.Porterfield, 106 Ohio St.3d 5, 2005-Ohio-3095, at ¶ 25-26. As there is no statutory requirement that findings be made,Apprendi [v. New Jersey] (2000), 530 U.S. 466,120 S.Ct. 2348] and Blakely are inapplicable to defendant's * * * sentence. State v. Ranta, Cuyahoga App. No. 84976,2005-Ohio-3692, at ¶ 17." Brown, at ¶ 9. As a result, the trial court properly concluded that Blakely does not apply to the jointly recommended sentence in this case.
 {¶ 12} Accordingly, we overrule defendant's two assignments of error and affirm the judgment of the trial court.
Judgment affirmed.
Klatt, P.J., and French, J., concur.