OPINION
{¶ 1} Defendant-appellant, Keith A. Wilson ("appellant") appeals from a judgment of the Franklin County Court of Common Pleas in which that court denied appellant's "Motion for Reduction/Sentence Modification."
 {¶ 2} In case No. 99CR-726, appellant was indicted for possession of marijuana, a fourth-degree felony; and having a weapon under disability, a fifth-degree felony. In case No. 99CR-2992, appellant was indicted for possession of cocaine, a fourth-degree felony; and bribery, a third-degree felony. In case No. 99CR-2892, appellant was indicted for possession of cocaine with a firearm specification, a fifth-degree felony; carrying a concealed weapon, a fourth-degree felony; bribery, a third-degree felony; and having a weapon under disability, a fifth-degree felony.
 {¶ 3} Later, appellant pled guilty to possession of marijuana as charged in case No. 99CR-726, possession of cocaine as charged in case No. 99CR-2992, and bribery as charged in case No. 99CR-2892. In exchange for appellant's pleas of guilty to these charges, the State of Ohio ("appellee") requested that all remaining charges be dismissed.
 {¶ 4} By judgment entry journalized on September 8, 1999, the trial court sentenced appellant to a three-year term of imprisonment in case No. 99CR-2892 on the bribery count. By judgment entry journalized on September 9, 1999, the court sentenced appellant to a three-year term of imprisonment for marijuana possession in case No. 99CR-726. By a separate judgment entry also journalized on September 9, 1999, the trial court sentenced appellant to a 12-month term of imprisonment on the cocaine possession count in case No. 99CR-2992. Each judgment entry specified that the sentence imposed would be consecutive to the sentences in the other two cases. Accordingly, appellant's aggregate sentence was seven years. Appellant did not appeal his sentences.
 {¶ 5} On May 24, 2005, appellant filed, in all three cases, a "Motion for Reduction/Sentence Modification." Therein, he argued that the trial court should reevaluate the facts it used in sentencing him. Citing the cases of Blakely v. Washington
(2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, andApprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435, he also argued that the trial court had violated his Sixth Amendment right to a jury trial when it sentenced him based upon facts not found by a jury beyond a reasonable doubt or admitted by appellant. On June 21, 2005, the trial court journalized a judgment entry denying appellant's motion, stating simply, "[t]he court does not have the power nor the desire to modify the Defendant's sentences." Appellant timely appealed.
 {¶ 6} At this point in our discussion, we would typically reprint the appellant's statement of the assignments of error presented for review. However, appellant's brief lacks a statement of the assignments of error, and also lacks a table of contents and a table of authorities, all in violation of App.R. 16(A). "Procedural rules adopted by courts are designed to promote the administration of justice and to eliminate undue delay." Robinson v. Kokosing Constr. Co., 10th Dist. No. 05AP-770, 2006-Ohio-1532, ¶ 6. The Ohio Rules of Appellate Procedure "are promulgated so that causes coming before the court will be presented in a clear and logical manner, and any litigant availing himself of the jurisdiction of the court is subjected thereto." Drake v. Bucher (1966), 5 Ohio St.2d 37, 39, 34 O.O.2d 53, 213 N.E.2d 182. These rules apply no less forcefully to appellant than they do to licensed attorneys. "[W]ith respect to procedural rules, pro se litigants are to be held to the same standards as members of the bar." Asset Acceptance, LLC v.Evans, 10th Dist. No. 04AP-36, 2004-Ohio-3382, ¶ 9.
 {¶ 7} The necessity of compliance with these rules is not to be minimized. Drake, supra, at 39. Nonetheless, courts prefer to resolve cases upon their merits rather than upon procedural default. Cook v. Wilson, 165 Ohio App.3d 202, 2006-Ohio-234, 845 N.E.2d 563, ¶ 18. Thus, despite appellant's failure to comply with the Ohio Rules of Appellate Procedure, we choose to decide this appeal on the merits.
 {¶ 8} Appellant's argument can be divided into two issues. The first issue presented is whether the trial court complied with the mandates of State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, 793 N.E.2d 473, in which the Supreme Court of Ohio held that when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing; and when imposing a non-minimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings at the sentencing hearing. Id. at paragraphs one and two of the syllabus. The second issue presented is whether the trial court violated appellant's Sixth Amendment right to a trial by jury when it based its sentence in each case upon facts that increased the penalty beyond the "statutory maximum" but that were not submitted to a jury and proven beyond a reasonable doubt. SeeApprendi, supra.
 {¶ 9} To the extent that appellant's motion asked the trial court to reconsider the sentences it imposed upon appellant, the motion was a nullity because a trial court lacks jurisdiction to reconsider its own valid final judgment. State v. Steele,
10th Dist. No. 05AP-92, 2005-Ohio-4786, ¶ 11, citing Stateex rel. Hansen v. Reed (1992), 63 Ohio St.3d 597,589 N.E.2d 1324.
 {¶ 10} Moreover, sentencing errors such as the Comer
violations alleged by appellant are waived when the defendant fails to take a direct appeal from the sentence. State v.Henderson (Dec. 18, 2001), 10th Dist. No. 01AP-414, citingState v. Combs (1991), 73 Ohio App.3d 823, 824, 598 N.E.2d 815. Because appellant failed to take a direct appeal from his sentence, he is precluded from seeking relief based on allegedComer errors in the sentencing process.
 {¶ 11} Finally, the Supreme Court of Ohio has said, "[t]he judicial factfinding that Comer mandated at sentencing hearings for consecutive or non-minimum sentences, however, no longer survives * * * [because] [i]n State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, [the court] held that certain felony sentencing statutes were unconstitutional to the extent that they required judicial factfinding before imposition of a sentence greater than the `statutory maximum'[.]" State v.Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 26. Therefore, even if the trial court had possessed jurisdiction to reconsider appellant's sentences, it would not have been required to comply with the mandates of Comer in resentencing appellant.
 {¶ 12} To the extent that appellant's motion can be construed as a motion for post-conviction relief pursuant to R.C. 2953.21, the trial court lacked jurisdiction to consider it because it was untimely. Section 2953.21 of the Ohio Revised Code makes available post-conviction relief to persons subject of judgments of conviction or delinquency. It provides, in pertinent part:
Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
[A] petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, * * * the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
R.C. 2953.21(A)(1) and (2).
 {¶ 13} Pursuant to R.C. 2953.21(A)(2), appellant was required to file his motion for post-conviction relief within 180 days after the expiration of the time for filing an appeal from his sentences. Appellant filed his motion long after the expiration of that 180-day period for each of his three sentences. However, section 2953.23(A) of the Ohio Revised Code provides that the trial court may nonetheless consider an untimely motion for post-conviction relief if two enumerated circumstances apply. Specifically, that statute states, in pertinent part:
Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
(1) Both of the following apply:
(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 14} If a petition for post-conviction relief is untimely filed, a trial court has jurisdiction to entertain the petition only if the limited conditions of R.C. 2953.23(A) are satisfied.State v. Ayala (Nov. 10, 1998), 10th Dist. No. 98AP-349;State v. Hanks (June 25, 1998), 10th Dist. No. 98AP-70.
 {¶ 15} The provisions of R.C. 2953.23(A)(1) are not satisfied in this case because: (1) appellant's petition was not based upon any new facts; (2) Blakely did not create a new federal or state right that applies retroactively. State v. Graham,
10th Dist. No. 05AP-588, 2006-Ohio-914, ¶ 10; State v.Myers, 10th Dist. No. 05AP-228, 2005-Ohio-5998, ¶ 36-37, discretionary appeal not allowed, 109 Ohio St.3d 1405,2006-Ohio-1703, 845 N.E.2d 522; and (3) appellant did not have a trial because he pled guilty to the offenses for which he was sentenced. In State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, the Supreme Court of Ohio held that certain Ohio felony sentencing statutes violate theSixth Amendment to the United States Constitution. However, its ruling only applies to those cases pending upon direct review or not yet final as of the date that the Foster decision was decided,[1] not to a post-conviction relief motion untimely filed.[2]
 {¶ 16} The timeliness requirement is jurisdictional and a trial court has no authority to entertain an untimely post-conviction relief petition unless the petitioner meets the requirements of R.C. 2953.23(A)(1). State v. Raines, 10th
Dist. No. 03AP-1076, 2004-Ohio-2524, ¶ 5. Accordingly, for these reasons, too, the trial court lacked jurisdiction to consider appellant's motion.
 {¶ 17} Finally, even if the court had possessed jurisdiction to consider appellant's motion, and if the court had treated it as a petition for post-conviction relief, the same would have been barred by res judicata because appellant could have raised both the Comer and Blakely issues on direct appeal. Res judicata is available in all post-conviction relief proceedings.State v. Szefcyk (1996), 77 Ohio St.3d 93, 95, 671 N.E.2d 233. It makes no difference that the United States Supreme Court had not yet decided Apprendi and Blakely at the time appellant was convicted and sentenced because the issue of a purported right to a jury trial on sentencing findings could have been raised. Ibid.; State v. Reynolds (1997), 79 Ohio St.3d 158,161-162, 679 N.E.2d 1131.
 {¶ 18} For all of the foregoing reasons, appellant's arguments of law are not well-taken and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Petree and French, JJ., concur.
[1] Id. at ¶ 106.
[2] State v. Luther, 9th Dist. No. 05CA008770,2006-Ohio-2280, ¶ 12; State v. Jones, 2nd Dist. No. 2005-CA-26, 2006-Ohio-2360, ¶ 18; State v. Rawlins, 4th
Dist. No. 05CA3012, 2006-Ohio-1901, ¶ 12.