OPINION
{¶ 1} Joey R. Lee, defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas in which the court denied his motion for post-conviction relief.
 {¶ 2} Appellant was convicted on three counts of rape, with one additional finding of force, and two counts of gross sexual imposition. The trial court sentenced appellant to a mandatory life sentence on the rape count that included a finding of force, and eight years on each of the two remaining rape counts, all of which were to be served consecutively to each other. The court also sentenced appellant to four years on each gross sexual imposition count, to be served concurrently with each other and with the rape sentences. Appellant appealed, and this court affirmed the trial court's judgment in State v. Lee, Franklin App. No. 02AP-1340, 2003-Ohio-4059.
 {¶ 3} On July 29, 2005, appellant filed the present post-conviction petition, alleging the trial court's non-minimum, consecutive sentences violated his constitutional right to a jury trial, pursuant to Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, and United States v. Booker (2005),543 U.S. 220, 125 S.Ct. 738. On August 26, 2005, the trial court denied the petition. Appellant appeals the judgment of the trial court, asserting the following four assignments of error:
[I.] The Trial Court Erred When It Sentenced The DefendantUnder An Unconstitutional System.
[II.] Trial Court Erred When It Sentenced Defendant, AFirst-Time Offender, To A More-Than-Minimum Sentence Based OnFacts found By a Judge Not a Jury, Nor Admitted By Defendant.
[III.] The Trial Court erred by allowing the imposition ofconsecutive sentences based on facts not found by a jury, noradmitted to by the defendant violating his rights guaranteed bythe Sixth Amendment.
[IV.] The Trial Court Erred When It Ruled Defendant's PetitionWas Untimely.
 {¶ 4} We will first address appellant's fourth assignment of error, as it is dispositive of the appeal. Appellant asserts in his fourth assignment of error that the trial court erred when it found his petition was untimely. We disagree. The decision to grant or deny a petition for post-conviction relief is committed to the discretion of the trial court. State v. Watson (1998),126 Ohio App.3d 316, 324. Accordingly, the trial court's decision regarding a petition for post-conviction relief will not be disturbed absent an abuse of discretion. State v. Campbell,
Franklin App. No. 03AP-147, 2003-Ohio-6305, citing State v.Calhoun (1999), 86 Ohio St.3d 279, 284.
 {¶ 5} R.C. 2953.21(A)(2) provides, in pertinent part, that, "[e]xcept as otherwise provided in section 2953.23 * * *, a [post-conviction relief] petition * * * shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication[.]" In the present case, the transcript was filed in appellant's direct appeal on January 17, 2003. Appellant filed his post-conviction petition on July 29, 2005, long after 180 days had expired. R.C.2953.21(A)(2) provides an exception to the 180-day limitation, as found in R.C. 2953.23. R.C. 2953.23(A)(1) provides that a court may entertain a petition filed after the expiration of 180 days if both of the following apply: (1) either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period described in R.C.2953.21(A)(2), the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right; and (2) the petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted.
 {¶ 6} Here, appellant failed to meet the requirements of R.C.2953.23(A)(1). As for R.C. 2953.23(A)(1)(a), appellant's petition was not based upon any new facts, and Blakely did not create a new federal or state right that applies retroactively to appellant. See State v. Wilson, Franklin App. No. 05AP-939, 2006-Ohio-2750, at ¶ 15, citing State v. Graham, Franklin App. No. 05AP-588, 2006-Ohio-914, at ¶ 10, and State v. Myers,
Franklin App. No. 05AP-228, 2005-Ohio-5998, at ¶ 36-37. With regard to R.C. 2953.23(A)(1)(b), in appellant's July 29, 2005 post-conviction petition, appellant addressed only sentencing issues and did not present any argument related to his guilt for the underlying rape and gross sexual imposition charges. "The plain language of R.C. 2953.23(A)(1)(b) does not extend to sentencing errors, except for those occurring within the capital punishment context." State v. Barkley, Summit App. No. 22351,2005-Ohio-1268, at ¶ 11. Thus, because appellant's sole argument related to sentencing and not to guilt, he failed to meet R.C.2953.23(A)(1)(b). As we noted in Wilson, although the Supreme Court of Ohio held in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, that certain Ohio felony sentencing statutes violate the Sixth Amendment to the United States Constitution, its ruling applies only to those cases pending upon direct review or not yet final as of the date Foster was decided, not to a post-conviction relief motion untimely filed. Wilson, at ¶ 15, citing State v. Luther, Lorain App. No. 05CA008770,2006-Ohio-2280, at ¶ 12; State v. Jones, Miami App. No. 2005-CA-26, 2006-Ohio-2360, at ¶ 18; and State v. Rawlins,
Scioto App. No. 05CA3012, 2006-Ohio-1901, at ¶ 12.
 {¶ 7} Therefore, because appellant neither filed his petition within the 180-day time period of R.C. 2953.21(A)(2), nor satisfied the exception in R.C. 2953.23, we must overrule his assignment of error and find the trial court did not err in denying his petition for post-conviction relief. Thus, appellant's fourth assignment of error is overruled. Further, as we have found the trial court did not err in denying appellant's petition, his remaining assignments of error are moot.
 {¶ 8} Accordingly, appellant's fourth assignment of error is overruled, his first, second, and third assignments of error are moot, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Klatt, P.J., and Travis, J., concur.