OPINION
{¶ 1} Defendant-appellant, Tim L. Banks ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas in which the court denied his motion for post-conviction relief.
 {¶ 2} The State has filed a motion to dismiss this appeal for want of a final appealable order. In support of its position, the State relies on State v. Lemaster, Pickaway App. No. 02CA20, 2003-Ohio-4557. The State purports that Lemaster stands for the proposition that the denial of a motion to vacate sentence is not a final appealable order. In Lemaster, the defendant filed a "motion to correct and/or modify his sentence." Id. at ¶ 4. Said motion was filed six years after Lemaster was convicted, and three years after his denial of a motion for post-conviction relief was affirmed on appeal. The court in Lemaster stated:
Were we to find a final appealable order in this instance, and entertain Lemaster's assignments of error, we would open our doors to piecemeal litigation, where defendants continuously file post-conviction motions that raise separate arguments concerning different aspects of their sentence. Lemaster is such an example of this very result. He has litigated his sentence once on direct appeal in Lemaster I, then again through post-conviction measures in Lemaster II, where he argued his sentence was excessive. Even in Lemaster III, he was allowed to litigate his sentence through a motion for jail-time credit. Now, in the case sub judice, Lemaster has attempted to litigate in this Court the merits of his sentence under the guise of a motion to correct and/or modify his sentence based on the sentencing guidelines. * * *
Id. at ¶ 26.
 {¶ 3} In the instant case, appellant filed a motion to vacate sentence seeking to have a decision from the Supreme Court of Ohio applied retroactively to his case. We do not find thatLemaster is applicable in this case, nor do we find that it stands for the blanket proposition that a denial from a motion to modify or vacate sentence is not a final appealable order. As will be explained, though titled a motion to vacate sentence, appellant's motion is in essence a petition for post-conviction relief. For the foregoing reasons, we deny appellee's motion to dismiss appeal.
 {¶ 4} On April 23, 2001, after entering a guilty plea, appellant was convicted of abduction, a felony of the third degree, and domestic violence, a felony of the fifth degree. Following the parties' joint recommendation, the trial court placed appellant on community control. On December 12, 2003, appellant stipulated that he had violated his community control sanctions. Thereafter, the trial court sentenced appellant to serve two years incarceration on the abduction, concurrent to six months on the domestic violence, but consecutive to a separate sentence imposed in a separate case number.
 {¶ 5} On August 30, 2005, appellant filed the present post-conviction petition, citing State v. Brooks (2004),103 Ohio St.3d 134, 2004-Ohio-4746.[1] On September 19, 2005, the trial court denied the petition. Appellant asserts the following three assignments of error for our review:
Assignment of Error No. 1:
Appellant was denied due process and equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution when the trial court erred by sentencing appellant to imprisonment for a community control violation withoutnotifying appellant of the specific prison term at the sentencing hearing pursuant to R.C. 2929.19(B)(5) and R.C.2929.15(B).
Assignment of Error No. 2:
Appellant was denied due process and equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution when the trial court failed to vacate appellant'sunlawful sentence.
Assignment of Error No. 3:
Appellant was denied due process and equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution when the State of Ohio committed "misconduct" during the appellate proceedings in case 02CR2389.
 {¶ 6} Pursuant to State v. Reynolds (1997),79 Ohio St.3d 158, 1997-Ohio-304, appellant's motion to vacate sentence is in essence a post-conviction petition. As such, pursuant to R.C.2953.21, the trial court lacked jurisdiction to consider it because it was untimely. Section 2953.21 of the Ohio Revised Code provides, in part:
Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
* * *
* * * [A] petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, * * * the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
R.C. 2953.21(A)(1) and (2).
 {¶ 7} Appellant filed his post-conviction petition long after the expiration provided for under Ohio law. There are exceptions contained in R.C. 2953.23(A) for when a trial court may nonetheless consider an untimely motion for post-conviction relief. Specifically, that statute provides, in part:
Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
(1) Both of the following apply:
(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 8} Appellant has not alleged either exception to the timeliness requirement of R.C. 2953.21, nor can they be satisfied in this case because: (1) appellant's petition was not based on any new facts; (2) Brooks did not create a new federal or state right that applies retroactively; and (3) appellant did not have a trial because he entered a guilty plea to the offenses for which he was sentenced. The timeliness requirement of R.C.2953.21 is jurisdictional and "a trial court has no authority to entertain an untimely post-conviction relief petition unless the petitioner meets the requirements of R.C. 2953.23(A)(1)." Statev. Wilson, Franklin App. No. 05AP-2750, 2006-Ohio-2750 at ¶ 16, citing State v. Raines, Franklin App. No. 03AP-1076, 2004-Ohio-2524 at ¶ 12. See, also, State v. Williamitis,
Montgomery App. No. 21321, 2006-Ohio-2904; State v. Gibson,
Washington App. No. 05CA20, 2005-Ohio-5353; State v. Price,
Wayne App. No. 03CA0046, 2004-Ohio-961. Accordingly, we hold that the trial court lacked jurisdiction to consider appellant's motion.
 {¶ 9} Even if the trial court had possessed jurisdiction to consider appellant's petition for post-conviction relief, the same would have been barred by the doctrine of res judicata because appellant could have raised the Brooks issue on direct appeal. Res judicata is available in all post-conviction relief proceedings. Wilson, supra, citing State v. Szefcyk (1996),77 Ohio St.3d 93.
 {¶ 10} For all the foregoing reasons, appellant's three assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Petree and French, JJ., concur.
[1] Brooks held that pursuant to R.C. 2929.19(B)(5), a trial court sentencing an offender to a community control sanction is required to deliver the statutorily detailed notifications at the sentencing hearing, and pursuant to R.C. 2929.19(B)(5) and2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation. Id. syllabus, paragraphs one and two.