OPINION
{¶ 1} Defendant-appellant, Kenneth D. Bivens ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas in which the court denied his petition for post-conviction relief.
 {¶ 2} On April 17, 2002, after entering a guilty plea, appellant was convicted in State v. Bivens, case No. 01CR-4489, of one count of voluntary manslaughter, a first-degree felony, with a one-year firearm specification. On the same date, after a entering a guilty plea, appellant was convicted in State v.Bivens, case No. 01CR-4539 of one count of trafficking in cocaine as a third-degree felony, and one count of trafficking in cocaine as a first-degree felony. Following a jointly recommended sentence, the trial court sentenced appellant to ten years incarceration for the voluntary manslaughter, consecutive to one year for the firearm specification, for a total of 11 years. Said sentence was to run concurrent to the one and three-year concurrent sentences of case No. 01CR-4539. No direct appeal was taken.
 {¶ 3} On August 25, 2005, appellant filed the present post-conviction petition, alleging that the trial court's non-minimum, consecutive sentences violated his constitutional right to a jury trial pursuant to Blakely v. Washington (2004),524 U.S. 296, 124 S.Ct. 2531, and United States v. Booker
(2005), 543 U.S. 220, 125 S.Ct. 738. On October 27, 2005, the trial court denied the petition. Appellant appeals the judgment of the trial court, and brings the following five assignments of error for our review:
ASSIGNMENT OF ERROR NO. 1:
CONSECUTIVE SENTENCES COULD NOT BE IMPOSED UPON APPELLANT BECAUSE THE TRIAL COURT FAILED TO STATE ON THE RECORD THE FACTUAL FINDINGS AND FACTUAL REASINS (SIC) JUSTYFYING (SIC) CONSECUTIVE SENTENCES.
ASSIGNMENT OF ERROR NO. 2:
APPELLANT COULD NOT BE GIVEN A MAXIMUM SENYENCE (SIC) BECAUSE THE TRIAL COURT FAILED TO STATE, ON THE RECORD, THE FACTUAL REASONS FOR JUSTIFYING A MAXIMUM SENTENCE.
ASSIGNMENT OF ERROR NO. 3:
EVEN ASSUMING ARGUMENDO (SIC) THAT THE TRIAL COURT COMPLIED WITH OHIO'S FELONY SENTENCING STATUTES, THE SENTENCES ARE ALSO UNLAWFUL BECAUSE THEY RUN AFOUL OF THE SIXTH AMENDMENT AS INTERPRETED BY APPRENDI V. NEW JERSEY AND IT'S PROGENY.
ASSIGNMENT OF ERROR NO. 4:
REVISED CODE SECTION 2953.08 DOES NOT PRE-CLUDE REVIEW OF THE APPELLANT'S SENTENCE.
ASSIGNMENT OF ERROR NO. 5:
APPELLANT'S PETITION FOR POST CONVICTION RELIEF WAS TIMELY UNDER THE LAW.
 {¶ 4} We will first address appellant's fifth assignment of error, as it is dispositive of the instant appeal. Section2953.21 of the Ohio Revised Code provides, in part:
Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
* * *
[A] petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, * * * the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
R.C. 2953.21(A)(1) and (2).
 {¶ 5} Appellant filed his post-conviction petition long after the expiration provided for under Ohio law. There are exceptions contained in R.C. 2953.23(A) for when a trial court may nonetheless consider an untimely motion for post-conviction relief. Specifically, that statute provides, in part:
Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
(1) Both of the following apply:
(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 6} Appellant has not alleged either exception to the timeliness requirement of R.C. 2953.21, nor can they be satisfied in this case because: (1) appellant's petition was not based on any new facts; (2) Blakely did not create a new federal or state right that applies retroactively; and (3) appellant did not have a trial because he entered a guilty plea to the offenses for which he was sentenced. See State v. Lee, Franklin App. No. 05AP-1063, 2006-Ohio-3438, at ¶ 6, citing State v. Wilson,
Franklin App. No. 05AP-2750, 2006-Ohio-2750, at ¶ 15, citingState v. Graham, Franklin App. No. 05AP-588, 2006-Ohio-914, at ¶ 10. The timeliness requirement of R.C. 2953.21 is jurisdictional and "a trial court has no authority to entertain an untimely post-conviction relief petition unless the petitioner meets the requirements of R.C. 2953.23(A)(1)." Wilson, at ¶ 16, citing State v. Raines, Franlin App. No. 03AP-1076, 2004-Ohio-2524 at ¶ 12. See, also, State v. Sims, Clermont App. No. CA2005-08-077, 2006-Ohio-3091. Accordingly, we hold that the trial court lacked jurisdiction to consider appellant's post-conviction petition.
 {¶ 7} Even if the trial court had possessed jurisdiction to consider appellant's petition for post-conviction relief, the same would have been barred by the doctrine of res judicata because appellant could have raised the Blakely issue on direct appeal. Res judicata is available in all post-conviction relief proceedings. Wilson, supra, at ¶ 17, citing State v. Szefcyk
(1996), 77 Ohio St.3d 93.
 {¶ 8} For the foregoing reasons, appellant's fifth assignment of error is overruled, his first, second, third, and fourth assignments of error are moot, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Petree and Sadler, JJ., concur.