[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
{¶ 1} Defendant-appellant, Stanley H. Penn ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas in which the court denied his petition for post-conviction relief.
 {¶ 2} In 1999, appellant was convicted of four counts of rape, one count of felonious assault, and two counts of possession of criminal tools. The trial court sentenced appellant to a combination of concurrent and consecutive prison terms totaling 28 years. Appellant appealed, and this court affirmed his convictions in State v. Penn (Dec. 14, 1999), Franklin App. No. 99AP-1410, but remanded the case to the trial court to issue a judgment entry reflecting its decision on whether appellant was a sexually violent predator. On December 22, 2000, pursuant to remand, the trial court issued a judgment entry reflecting its finding that appellant was a sexually violent predator.
 {¶ 3} On September 14, 2005, appellant filed the present post-conviction petition, alleging that the trial court's non-minimum, consecutive sentences violated his constitutional right to a jury trial pursuant to Blakely v. Washington (2004),524 U.S. 296, 124 S.Ct. 2531, and United States v. Booker
(2005), 543 U.S. 220, 125 S.Ct. 738. On March 2, 2006, the trial court denied the petition on the basis that it was untimely. Appellant appeals the judgment of the trial court, and brings the following three assignments of error for our review:
[1.] TRIAL COURT SENTENCED DEFENDANT UNDER AN UNCONSTITUTIONAL SYSTEM.
[2.] THE TRIAL COURT ERRED WHEN IT RULED DEFENDANT'S POST-CONVICTION PETITION UNTIMELY.
[3.] BLAKELY V. WASHINGTON AND UNITED STATES V. BOOKER
APPLY RETROACTIVELY.
 {¶ 4} We will first address appellant's second assignment of error, as it is dispositive of the instant appeal. Section2953.21 of the Ohio Revised Code provides, in part:
Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
* * *
[A] petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, * * * the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
R.C. 2953.21(A)(1) and (2).
 {¶ 5} Appellant filed his post-conviction petition long after the expiration provided for under Ohio law. There are exceptions contained in R.C. 2953.23(A) for when a trial court may nonetheless consider an untimely motion for post-conviction relief. Specifically, that statute provides, in part:
Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
(1) Both of the following apply:
(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 6} Here, appellant failed to meet the requirements of R.C.2953.23(A)(1). As for R.C. 2953.23(A)(1)(a), appellant's petition was not based upon any new facts, and Blakely did not create a new federal or state right that applies retroactively to appellant. See State v. Wilson, Franklin App. No. 05AP-939, 2006-Ohio-2750, at ¶ 15, citing State v. Graham, Franklin App. No. 05AP-588, 2006-Ohio-914, at ¶ 10, and State v. Myers,
Franklin App. No. 05AP-228, 2005-Ohio-5998, at ¶ 36-37. With regard to R.C. 2953.23(A)(1)(b), in appellant's September 14, 2005 post-conviction petition, appellant addressed only sentencing issues and did not present any argument related to his guilt for the underlying charges. "The plain language of R.C.2953.23(A)(1)(b) does not extend to sentencing errors, except for those occurring within the capital punishment context." State v.Barkley, Summit App. No. 22351, 2005-Ohio-1268, at ¶ 11. Thus, because appellant's petition presents issues related to sentencing and not to guilt, he failed to meet R.C.2953.23(A)(1)(b). As we noted in Wilson, although the Supreme Court of Ohio held in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, that certain Ohio felony sentencing statutes violate the Sixth Amendment to the United States Constitution, its ruling applies only to those cases pending upon direct review or not yet final as of the date Foster was decided, not to a post-conviction relief motion untimely filed. Wilson, at ¶ 15, citing State v. Luther, Lorain App. No. 05CA008770,2006-Ohio-2280, at ¶ 12; State v. Jones, Miami App. No. 2005-CA-26, 2006-Ohio-2360, at ¶ 18; and State v. Rawlins,
Scioto App. No. 05CA3012, 2006-Ohio-1901, at ¶ 12.
 {¶ 7} Therefore, because appellant neither filed his petition within the 180-day time period of R.C. 2953.21(A)(2), nor satisfied the exception in R.C. 2953.23, we must find the trial court did not err in denying his petition for post-conviction relief.
 {¶ 8} Accordingly, appellant's second assignment of error is overruled, his first and third assignments of error are moot, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT and FRENCH, JJ., concur.