OPINION
{¶ 1} James A. Davis ("appellant") appeals from the judgment of the Franklin County Court of Common Pleas, which denied his petition to vacate or set aside judgment of conviction or sentence. For the following reasons, we affirm
 {¶ 2} On September 20, 1996, appellant was indicted in case No. 96CR09-5194 on charges of rape, kidnapping, and felonious assault committed against three victims. On November 25, 1996, appellant was indicted in case No. 96CR11-6427 on additional charges of rape, kidnapping, and felonious assault committed against three different victims. The cases were consolidated for purposes of trial and appeal.
 {¶ 3} On July 9, 1997, a jury found appellant guilty of all charges. That same day, the trial court held sentencing and sexual predator hearings. The court found appellant to be a sexual predator.
 {¶ 4} On May 19, 1998, this court affirmed appellant's conviction. See State v.Davis (May 19, 1998), Franklin App. No. 97APA08-1020. Appellant sought review in the Ohio Supreme Court, which allowed review on a question regarding the sexual predator statute. On the authority of State v. Cook (1998), 83 Ohio St.3d 404, the Supreme Court affirmed this court's decision. See State v. Davis (1998), 84 Ohio St.3d 40.
 {¶ 5} While his appeal was pending, appellant filed a motion to vacate or set aside sentence and a motion for new trial. In his motions, appellant argued that he had been denied effective assistance of counsel. The court concluded that appellant had failed to show a denial of his rights and had not shown prejudice. The court denied appellant's motion to vacate and motion for new trial. Appellant did not appeal from the court's denial of his motions.
 {¶ 6} On January 24, 2001, appellant filed an application for reopening delayed appeal under App.R. 26(B). This court denied appellant's application. See State v. Davis (Mar. 27, 2001), Franklin App. No. 97APA08-1020 (Memorandum Decision).
 {¶ 7} On September 20, 2004, appellant filed a second application for reopening delayed appeal. This court denied appellant's application.See State v. Davis (Dec. 14, 2004), Franklin App. No. 97APA08-1020 (Memorandum Decision). Nos. 06AP-480 and 06AP-481 3
 {¶ 8} On March 7, 2006, appellant filed a petition to vacate or set aside judgment of conviction or sentence under R.C. 2953.21. In his petition, appellant argued that his sentence violated Blakely v.Washington (2004), 542 U.S. 296. The trial court denied appellant's motion, finding that his claims were "barred upon issues of timeliness and res judicata."
 {¶ 9} Appellant timely appealed, and he raises the following assignments of error:
 FIRST ASSIGNMENT OF ERROR THE FRANKLIN COUNTY COURT OF COMMON PLEAS ERRONEOUSLY DENIED APPELLANT[']S SECOND OR SUCCESSIVE POST-CONVICTION PETITION, ARGUING THAT HIS CLAIM(S) WERE BARRED BY TIMELINES[S] AND RES JUDICATA.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRONEOUSLY SENTENCED APPELLANT TO MULTIPLE CONSECUTIVE SENTENCE(S), EXCEEDING THE MAXIMUM SENTENCE(S) AUTHORIZED BY LAW, AND AT THE SAME TIME SENTENCING APPELLANT UNDER TWO (2) DIFFERENT LAWS. (Emphasis sic.)
 {¶ 10} In his first assignment error, appellant asserts that the trial court erred by denying his post-conviction petition on grounds of timeliness and res judicata. We disagree.
 {¶ 11} R.C. 2953.21 provides, in pertinent part:
 (A)(1)(a) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in Nos. 06AP-480 and 06AP-481 4 the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. * * *
 * * *
 (2) * * * [A] petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *.
 {¶ 12} Here, appellant filed his post-conviction petition long after the expiration provided for under Ohio law. Nevertheless, R.C.2953.23(A) provides exceptions for when a trial court may consider an untimely motion for post-conviction relief. That
section provides, in pertinent part:
 * * * [A] court may not entertain a petition filed after the expiration of the period prescribed in [R.C. 2953.21(A)] or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
 (1) Both of the following apply:
 (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the [180-day period prescribed in R.C. 2953.21(A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.
 {¶ 13} Appellant cannot satisfy either exception to the timeliness requirement of R.C. 2953.21. First, appellant's petition was not based on any new facts. And second, Nos. 06AP-480 and 06AP-481 5Blakely did not create a new federal or state right that applies retroactively. See State v. Graham, Franklin App. No. 05AP-588,2006-Ohio-914, at ¶ 10, and cases cited therein.
 {¶ 14} The timeliness requirement of R.C. 2953.21 is jurisdictional, and "a trial court has no authority to entertain an untimely post-conviction relief petition unless the petitioner meets the requirements of R.C. 2953.23(A)(1)." State v. Wilson, Franklin App. No. 05AP-939, 2006-Ohio-2750, at ¶ 16. See, also, State v. Banks, Franklin App. No. 05AP-1062, 2006-Ohio-4225, at ¶ 8; State v. Bivens, Franklin App. No. 05AP-1270, 2006-Ohio-4340, at ¶ 6. Accordingly, we hold that the trial court lacked jurisdiction to consider appellant's post-conviction petition because it was untimely.
 {¶ 15} Further, even if the trial court had possessed jurisdiction to consider appellant's petition, it would have been barred by the doctrine of res judicata because appellant could have raised the Blakely issue on direct appeal. Res judicata is available
on all post-conviction relief proceedings. Wilson at ¶ 17, citingState v. Szefcyk (1996),77 Ohio St.3d 93. Accordingly, we find no error in the trial court's conclusion that res judicata barred appellant's petition, and we overrule his first assignment of error.
 {¶ 16} Having overruled appellant's first assignment of error, we find that appellant's second assignment of error, on the merits of his petition, is moot. For these reasons, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
KLATT, P.J., and McGRATH, J., concur.