OPINION
{¶ 1} Defendant-appellant, Dennis W. Morris ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas in which the court denied his "Motion: Minimum Sentence." For the following reasons, we affirm.
 {¶ 2} In 2004, the trial court entered judgment convicting appellant of 30 counts of pandering obscenity involving a minor entered upon his plea of guilty to the same. On July 13, 2004, the trial court imposed the jointly recommended sentence of eight years on each count to be served concurrently. Also based on the joint stipulation, appellant was found to be a sexual predator. The trial court's sentencing entry was filed on July 19, 2004.
 {¶ 3} On April 14, 2006, appellant filed a "Motion: Minimum Sentence," requesting a minimum sentence pursuant to State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, and the United States Supreme Court's decision upon which Foster is based, Apprendi v. New Jersey
(2000), 530 U.S. 466, 120 S.Ct. 2348 and Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531. The trial court denied appellant's motion on May 9, 2006. Appellant appeals that judgment, and brings the following two assignments of error for our review:
 ASSIGNMENT OF ERROR NO. I:
 THE TRIAL COURT ERRED PREJUDICIALLY BY IMPOSING A NON-MINIMUM IN VIOLATION OF THE STATUTORY LANGUAGE OF OHIO REVISED CODE SECTION 2929.14(A) AND (B) AND PURSUANT TO CRIMINAL RULE 52(B).
 ASSIGNMENT OF ERROR NO. II:
 APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT AFFORDED BY THE SIXTH AMENDMENT TO EFFECTIVE ASSISTANCE OF COUNSEL.
 {¶ 4} "[W]here a criminal defendant, subsequent to his direct appeal, files a motion seeking to vacate or correct his sentence on the basis that his constitutional rights have been violated, such a motion is deemed a petition for post-conviction relief." State v. Hall, Franklin App. No. 05AP-957, 2006-Ohio-2742, motion denied by,111 Ohio St.3d 1429, 2006-Ohio-5351, at ¶ 8, citing State v. Reynolds (1997),79 Ohio St.3d 158, 160. R.C. 2953.21(A)(2) provides that if no direct appeal is taken, a petition for post-conviction relief "shall be filed no later than one hundred eighty days after the expiration of the time for filing an appeal."
 {¶ 5} After sentencing and well beyond the time to file a direct appeal expired, appellant filed his "Motion: Minimum Sentence," with the trial court seeking a minimum sentence. Construed as a petition for post-conviction relief, appellant's motion is untimely. R.C. 2953.23(A) provides that a court may not entertain an untimely petition unless the exceptions for filing an untimely petition under R.C. 2953.23(A) are met. Appellant meets none of the exceptions for filing an untimely petition pursuant to R.C. 2953.23(A), therefore, the trial court lacked jurisdiction to consider appellant's motion as a petition for post-conviction relief.
 {¶ 6} As is relevant here, R.C. 2953.23(A) provides that a court may not entertain an untimely petition unless, the petitioner demonstrates both of the following: (1) that subsequent to the period prescribed in R.C. 2953.21(A)(2), the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in appellant's situation, and the petition asserts a claim based on that right; and (2) by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found appellant guilty of the offenses for which he was convicted. State v.I'Juju, Franklin App. No. 06AP-452, 2006-Ohio-6436. As this court has consistently held, Blakely did not create, or recognize, a new federal or state right that applies retroactively. I'Juju at ¶ 11, citingState v. Penn, Franklin App. No. 06AP-269, 2006-Ohio-5204; State v.Bivens, Franklin App. No. 05AP-1270, 2006-Ohio-4340; State v.Graham, Franklin App. No. 05AP-588, 2006-Ohio-914; State v. Myers, Franklin App. No. 05AP-228, 2005-Ohio-5998; State v. Cruse, Franklin App. No. 05AP-125, 2005-Ohio-5095.
 {¶ 7} Because appellant failed to satisfy the requirements of R.C. 2953.23(A)(1)(a), appellant's motion was untimely, and the trial court lacked jurisdiction to consider his motion as a petition for post-conviction relief.
 {¶ 8} Based on the foregoing, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
KLATT, P.J., and FRENCH, J., concur.