[Cite as *State v. Davis*, 2019-Ohio-4956.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

      Plaintiff-Appellee,                    :              No. 19AP-419
                                             (C.P.C. No. 96CR-5194)

v.                                                     :
                                           (REGULAR CALENDAR)

James A. Davis,                                        :

      Defendant-Appellant.                   :

D E C I S I O N

Rendered on December 3, 2019

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Kimberly M. Bond,* for appellee.

**On brief:** *James A. Davis,* pro se.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, James A. Davis, pro se, appeals from a decision and entry of the Franklin County Court of Common Pleas denying his motion to vacate a void sentence. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} In 1996, plaintiff-appellee, State of Ohio, charged Davis, under two separate indictments, with multiple counts of rape, kidnapping, and felonious assault related to six separate victims. A jury found Davis guilty of all charges, and Davis was classified as a sexual predator and sentenced. This court affirmed Davis' convictions on appeal. *State v. Davis*, 10th Dist. No. 97APA08-1020 (May 19, 1998). Davis then filed an application for delayed reopening of his appeal, which this court denied in 2001. Additionally, Davis filed

a second application for reopening delayed appeal, which this court again denied. *State v. Davis*, 10th Dist. No. 97APA08-1020 (Dec. 14, 2004) (memorandum decision).

{¶ 3} On March 7, 2006, Davis filed a petition for postconviction relief challenging the imposition of non-minimum and consecutive sentences. The trial court denied Davis' postconviction petition, finding his petition was untimely and res judicata operated to bar his claims. This court affirmed the trial court's denial of Davis' petition for postconviction relief. *State v. Davis*, Dist. No. 06AP-480, 2006-Ohio-6643.

{¶ 4} Several years later, on June 6, 2013, Davis filed a motion to vacate the judgment of his conviction, arguing the trial court lacked subject-matter jurisdiction over his case. The trial court denied Davis' motion to vacate in a June 19, 2013 entry. Davis did not appeal that ruling.

{¶ 5} Several more years later, on June 1, 2017, Davis filed a motion to arrest judgment, arguing the trial court lacked subject-matter jurisdiction to convict him. The trial court denied Davis' motion to arrest judgment in a June 15, 2017 decision and entry. Again, Davis did not appeal that ruling, though he did file subsequent pleadings objecting to the trial court's decision. The trial court filed a November 1, 2017 entry addressing Davis' subsequent pleadings, issuing him copies of the indictments in his case and denying his objections to the court's June 15, 2017 decision and entry. Davis did not appeal.

{¶ 6} Subsequently, on April 22, 2019, Davis filed a motion to vacate his sentence. In his motion to vacate, Davis argued his sentence is void because the verdict forms did not conform with R.C. 2945.75(A)(2) and that his sentence was contrary to law. The state filed a memorandum contra arguing Davis' motion is both untimely and barred by res judicata. In a June 4, 2019 decision and entry, the trial court denied Davis' motion to vacate. Davis timely appeals.

## II. Assignments of Error

{¶ 7} Davis assigns the following errors for our review:

> [1.] The trial court abused its discretion by failing to address the issues that the appellant's sentence as imposed is contrary to law and is void. Further, failed to vacate and resentence accordingly pursuant to R.C. 2945.75(A)(2).
>
> [2.] The trial court abused its discretion by failing to address the issues that the appellant's sentence is contrary to law as for

the trial court didn't consider the factors for felony sentencing
as contained in R.C. 2929.11 or R.C. 2929.12 or for a first-time
offender for imposition of max. sentencing.

## III. Analysis

{¶ 8}    Davis' two assignments of error are interrelated, and we address them jointly. Taken together, these assignments of error assert the trial court erred in denying his motion to vacate his sentence.

{¶ 9}    Davis filed a direct appeal from his convictions and did not assert as error in that appeal a violation of R.C. 2945.75 or the imposition of maximum sentences, the subject of his two assignments of error here.  Davis could have presented both of these claims in his direct appeal.  *State v. Walburg*, 10th Dist. No. 12AP-637, 2013-Ohio-1150, ¶ 6, citing *State v. Myers*, 10th Dist. No. 11AP-909, 2012-Ohio-2733, ¶ 6; *State v. Henson*, 6th Dist. No. E-11-068, 2012-Ohio-3730, ¶ 21.  "Under the doctrine of res judicata, a final judgment of conviction precludes a defendant from raising and litigating any defense or claimed lack of due process that he could have raised on direct appeal from a judgment." *State v. Smith*, 10th Dist. No. 13AP-129, 2013-Ohio-4674, ¶ 8, citing *State v. Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus. Because Davis did not raise these issues in his direct appeal, the doctrine of res judicata operates to bar him from raising these issues now.  *Walburg* at ¶ 6 (defendant's post-judgment motion to vacate judgment and set aside the sentence and conviction based on alleged violation of R.C. 2945.75 is barred by res judicata), citing *Myers* at ¶ 6; *State v. Price*, 10th Dist. No. 17AP-314, 2017-Ohio-7496, ¶ 7 (res judicata operates to bar defendant's argument about the imposition of his sentence because the defendant could have presented the argument in his direct appeal).

{¶ 10} We are mindful that an exception to the application of res judicata applies to void judgments.  *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, ¶ 30.  "[V]oid sentences are not precluded from appellate review by principles of res judicata and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 40.  *See also State v. Davic*, 10th Dist. No. 18AP-569, 2019-Ohio-1320, ¶ 11.  However, the arguments Davis presents would not render the trial court's judgment void, but merely voidable. *Walburg* at ¶ 7 (argument that verdict forms at trial violated R.C. 2945.75 would not render defendant's conviction or sentence void), citing

*Myers* at ¶ 7; *Price* at ¶ 6 (argument regarding imposition of sentence would not render defendant's judgment void), citing *State v. Mullen*, 9th Dist. No. 28453, 2017-Ohio-7234, ¶ 4-6 (argument that trial court failed to make findings in order to impose sentence barred by res judicata); *State v. Sowards*, 4th Dist. No. 09CA8, 2011-Ohio-1660, ¶ 14-16; *State v. Mack*, 10th Dist. No. 13AP-884, 2014-Ohio-1648, ¶ 7 (noting "the doctrine [of res judicata] bars attacks on voidable judgments but not void judgments").

{¶ 11} Because res judicata operates to bar Davis' arguments related to an alleged violation of R.C. 2945.75 and the imposition of maximum sentences, the trial court did not err in denying his motion to vacate his sentence. We overrule Davis' first and second assignments of error.

**IV. Disposition**

{¶ 12} Based on the foregoing reasons, the trial court did not err in denying Davis' motion to vacate his sentence as the doctrine of res judicata operates to bar his arguments. Having overruled Davis' two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT, P.J., and NELSON, J., concur.

---