OPINION
{¶ 1} Defendant-appellant, Eddie D. Tucker ("appellant"), appeals the November 22, 2005 judgment of the Franklin County Court of Common Pleas denying his petition for post-conviction relief. For the reasons that follow, we affirm.
 {¶ 2} Appellant was indicted on September 5, 2002, with one count of voluntary manslaughter with firearm specification, one count of attempted murder with firearm specification, one count of felonious assault with firearm specification, and one count of having a weapon while under disability. On August 6, 2003, appellant pleaded guilty to one count of the lesser-included offense of involuntary manslaughter without a firearm specification and one count of felonious assault without a firearm specification. On October 7, 2003, the trial court accepted appellant's guilty pleas and entered a nolle prosequi on the count of voluntary manslaughter with firearm specification and the count of having a weapon while under disability. Appellant was sentenced to four years imprisonment for voluntary manslaughter and four years for felonious assault, to be served consecutively.
 {¶ 3} On May 10, 2004, appellant filed a direct appeal of his conviction with this court. On June 15, 2004, this court sua sponte dismissed the appeal for lack of a timely-filed notice of appeal.
 {¶ 4} Appellant filed his first petition for post-conviction relief on June 28, 2005. Therein, appellant argued that pursuant to Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, the trial court violated his Sixth Amendment right to a jury trial by imposing a consecutive sentence. On June 28, 2005, the trial court denied appellant's petition. Appellant did not appeal the trial court's judgment on his first post-conviction petition.
 {¶ 5} On November 4, 2005, appellant filed his second petition for post-conviction relief. In his second petition, appellant argued that the consecutive sentence of four years for involuntary manslaughter and four years for felonious assault imposed by the trial court contravened Blakely, supra, as well as U.S. v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738,160 L.Ed.2d 621. On November 22, 2005, the trial court denied his second petition for post-conviction relief.
 {¶ 6} Appellant timely appealed, and asserts the following three assignments of error:
1. The sentences imposed upon the Appellant were contrary to law because the trial court did not comply with R.C. 2929.14 and2929.19 which requires sentencing courts to state on record reasons to support findings that maximum and consecutive sentences are warranted for a defendant who has never served a prison sentence.
2. Even if the trial court complied with R.C. 2929.14 and R.C.2929.19, the sentence would still be contrary to law because portions of the statutes violate an accused Sixth Amendment right to trial by jury, and therefore unconstitutional.
3. The Court of Common Pleas erred when it denied Appellant's motion for Post Conviction Relief under R.C. 2953.23 because of the recent rulings in Booker and Blakely from the U.S. Supreme Court. (Emphasis sic.)
 {¶ 7} Prior to addressing appellant's assignments of error, we must first consider whether the trial court had jurisdiction to consider his second petition for post-conviction relief.
 {¶ 8} Appellant's second petition was filed on November 4, 2005, over two years after appellant pled guilty and was sentenced by the trial court. R.C. 2953.21(A)(1)(a)(2) states in relevant part:
Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section2953.23 of the Revised Code, the petition shall be filed no later than one hundred eight days after the expiration of the time for filing the appeal.
 {¶ 9} A trial court may consider a petition for post-conviction relief notwithstanding the fact that the petition was untimely filed if two conditions apply pursuant to R.C.2953.23, which states in pertinent part:
(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
(1) Both of the following apply:
(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
R.C. 2953.23(A).
 {¶ 10} A trial court lacks jurisdiction to hear an untimely filed petition for post-conviction relief if the two conditions of R.C. 2953.23(A)(1) are not satisfied. State v. Wilson,
10th Dist. No. 05AP-939, 2006-Ohio-2750, at ¶ 16, citingState v. Ayala (Nov. 10, 1998), 10th Dist. No. 98AP-349 andState. v. Hanks (June 25, 1998), 10th Dist. No. 98AP-70.
 {¶ 11} Here, appellant failed to address the untimeliness of his second petition for post-conviction relief. Nevertheless, we note that appellant's petition is not based upon new facts, but merely argues that the trial court sentenced him in violation ofBlakely and Booker. As we have previously stated, Blakely
did not create a new federal or state right that applies retroactively. State v. Bivens, 10th Dist. No. 05AP-1270,2006-Ohio-4340, at ¶ 6; see, also, Wilson, supra, at ¶ 15.Booker, which applied Blakely to sentencing in federal courts, also did not create a new federal or state right that applies retroactively, as the United States Supreme Court limited its holding to only those cases pending on direct appeal.Booker, supra, at 227-228, 268. Appellant's petition fails to meet the requirements of R.C. 2953.23(A)(1). Accordingly, the trial court lacked jurisdiction to consider appellant's post-conviction petition.
 {¶ 12} Even if the trial court possessed jurisdiction to consider appellant's post-conviction petition, the same would have been barred by res judicata. Res judicata is available in all post-conviction relief proceedings. State v. Szefcyk
(1996), 77 Ohio St.3d 93, 95, 671 N.E.2d 233. Appellant previously argued that his sentence violated Blakely in his first petition for post-conviction relief, which was denied by the trial court and not appealed. Moreover, appellant could have argued the issue of a purported right to a jury trial on sentencing in the trial court at his sentencing, even though the United States Supreme Court had not yet decided Blakely at the time appellant was convicted and sentenced. Wilson, supra, at ¶ 17, citing Szefcyk, at 95.
 {¶ 13} For the foregoing reasons, appellant's third assignment of error is overruled, and appellant's first and second assignments of error are moot. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Petree and McGrath, JJ., concur.