OPINION
{¶ 1} Defendant-appellant, Casaviero Senu-Oke, appeals from a judgment of the Franklin County Court of Common Pleas dismissing his petition for postconviction relief. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} In 2001, defendant was convicted of one count of aggravated burglary, one count of kidnapping, one count of felonious assault, and five counts of rape. The trial court sentenced defendant to a total of 38 years in prison for his crimes. Defendant appealed to this court, challenging his convictions and sentences. On October 9, 2003, *Page 2 
this court affirmed in part and reversed in part the judgment of the trial court, and remanded the cause to the trial court for resentencing and with instructions to vacate one of defendant's rape convictions. SeeState v. Senu-Oke, Franklin App. No. 02AP-68, 2003-Ohio-5379.
 {¶ 3} On remand, and by judgment entry filed May 3, 2004, the trial court vacated one of defendant's rape convictions and sentenced defendant to a total of 18 years in prison for his remaining convictions. Defendant did not timely pursue an appeal of his resentencing[1]; however, on September 9, 2005, defendant filed a petition for postconviction relief.
 {¶ 4} In his petition, defendant based his claim for postconviction relief on the United States Supreme Court decisions in Blakely v.Washington (2004), 524 U.S. 296, 124 S.Ct. 2531, and United States v.Booker (2005), 543 U.S. 220, 125 S.Ct. 738. Specifically, defendant alleged that the trial court violated his constitutional rights by sentencing him to prison based on facts not found by the jury or admitted by him. On October 3, 2005, the trial court dismissed defendant's petition for postconviction relief.
 {¶ 5} Defendant timely appeals from that judgment and sets forth the following three assignments of error for our review:
 [I.] The sentences imposed upon the Appellant were contrary to law because the trial court did not comply with R.C. 2929.14 and 2929.19 which requires sentencing courts to state on record reasons to support findings that maximum and consecutive sentences are warranted for a defendant who has never served a prison sentence.
 [II.] Even if the trial court complied with R.C. 2929.14 and R.C. 2929.19, the sentence would still be contrary to law *Page 3 
because portions of the statutes violate an accused Sixth Amendment right to trial by jury, and therefore unconstitutional.
 [III.] The Court of Common Pleas erred when it denied Appellant's motion for Post Conviction Relief under R.C. 2953.23 because of the recent ruling in Booker and Blakely from the U.S. Supreme Court.
 {¶ 6} We first address defendant's third assignment of error, as it is dispositive of this appeal. By his third assignment of error, defendant argues that the trial court erred in denying his motion for postconviction relief in view of Blakely and Booker. The state argues that the trial court properly dismissed defendant's petition for postconviction relief because the trial court had no jurisdiction to entertain the petition.
 {¶ 7} A petition for postconviction relief is a statutory vehicle designed to correct the violation of a defendant's constitutional rights. State v. Hessler, Franklin App. No. 01AP-1011, 2002-Ohio-3321, ¶ 28. More specifically, R.C. 2953.21, which governs petitions for postconviction relief, provides a procedure for a person convicted of a criminal offense to claim that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio or United States Constitutions. Although designed to address claimed constitutional violations, the postconviction relief process is a civil collateral attack on a criminal judgment, not an appeal of that judgment. State v. Calhoun (1999), 86 Ohio St.3d 279, 281; State v.Steffen (1994), 70 Ohio St.3d 399, 410. A petition for postconviction relief thus does not provide a petitioner a second opportunity to litigate his or her conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition. State v.Jackson (1980), 64 Ohio St.2d 107, 110. *Page 4 
 {¶ 8} R.C. 2953.21(A)(2) establishes the time limitations for filing a petition for postconviction relief. If no direct appeal is taken, a petition for postconviction relief shall be filed no later than 180 days after the expiration of the time for filing the appeal, except as provided in R.C. 2953.23. R.C. 2953.21(A)(2). "A trial court has no jurisdiction to entertain an untimely petition for post-conviction relief unless the petitioner demonstrates that one of the exceptions contained in R.C. 2953.23(A) applies." State v. Franks, Franklin App. No. 04AP-1370, at ¶ 7, citing State v. Halliwell (1999),134 Ohio App.3d 730. "The burden of establishing an R.C. 2953.23(A) exception is upon the petitioner." Franks, at ¶ 7, citing State v. Poindexter (Aug. 29, 1997), Hamilton App. No. C-960780.
 {¶ 9} In the case at bar, defendant did not timely pursue a direct appeal of his resentencing, and defendant's petition for postconviction relief was filed more than 180 days after the expiration of the time for filing the appeal. Therefore, the issue in this appeal becomes whether defendant established an exception set forth in R.C. 2953.23(A).
 {¶ 10} Defendant argues that the trial court had jurisdiction to entertain the petition in view of the exception contained within R.C.2953.23(A)(1). R.C. 2953.23(A)(1) provides that a court may entertain a petition filed after the expiration of 180 days if both of the following apply: (1) either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period described in R.C. 2953.21(A)(2), the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right; and (2) the petitioner shows by clear and convincing evidence that, but for constitutional *Page 5 
error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted, or, if the claim challenges a sentence of death, that, but for constitutional error at the sentencing hearing, no reasonable fact finder would have found the petitioner eligible for the death sentence. See R.C. 2953.23(A)(1)(a) and (b).
 {¶ 11} Defendant argues that Blakely and Booker created a new rule entitling him to file a petition for postconviction relief. Apparently, defendant argues that the United States Supreme Court, inBlakely and/or Booker, recognized a new right that applies retroactively to persons in his situation, and that his petition asserts a claim based on that right. Additionally, defendant cites a Franklin County Common Pleas Court decision to support the proposition that, based onBlakely, he had no time constraint for filing his petition for postconviction relief.
 {¶ 12} Preliminarily, we note that during the pendency of this appeal, and after the parties submitted their appellate briefs, the Supreme Court of Ohio released State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the Supreme Court of Ohio, following Blakely and Apprendi v.New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348, found portions of Ohio's felony sentencing scheme unconstitutional because those portions required judicial fact-finding in violation of a defendant's Sixth Amendment right to a trial by jury. The Foster court severed the unconstitutional provisions from Ohio's felony sentencing laws. See id. at ¶ 90-102 (applying a severance remedy similar to that adopted inUnited States v. Booker [2005], 543 U.S. 220, 125 S.Ct. 738).
 {¶ 13} Nonetheless, this court has resolved that neitherBlakely nor Booker created a new federal or state right that applies retroactively to petitioners seeking *Page 6 
postconviction relief. See, e.g., State v. Wilson, Franklin App. No. 05AP-939, 2006-Ohio-2750, at ¶ 15; State v. Tucker, Franklin App. No. 05AP-1340, 2006-Ohio-4626, at ¶ 11. Moreover, "[b]ecauseBlakely does not recognize a new federal or state right that applies retroactively, Foster, which is premised on Blakely, similarly does not." State v. Searcy, Franklin App. No. 06AP-572, 2006-Ohio-6993, at ¶ 7, citing Wilson, at ¶ 15. Furthermore, defendant's reliance on purported language in a decision in another case within the Franklin County Court of Common Pleas is unavailing in this appeal. Therefore, defendant's argument that Blakely and/or Booker recognized a new federal or state right that applies retroactively to persons in his situation is unpersuasive. Thus, we find that defendant failed to meet the requirements of R.C. 2953.23(A)(1).
 {¶ 14} In addition, a person whose petition for postconviction relief presents issues relating to his sentencing, but not his guilt as to the offenses of which he was convicted, cannot establish the requirements of the exception contained within R.C. 2953.23(A)(1), unless that petitioner challenges a sentence of death. See State v. Penn, Franklin App. No. 06AP-269, 2006-Ohio-5204, at ¶ 6 ("because appellant's petition presents issues related to sentencing and not to guilt, he failed to meet R.C. 2953.23(A)(1)(b)"); see, also, State v. Barkley, Summit App. No. 22351, 2005-Ohio-1268, at ¶ 11 ("The plain language of R.C.2953.23(A)(1)(b) does not extend to sentencing errors, except for those occurring within the capital punishment context.") In this case, which does not involve capital punishment, defendant's petition for postconviction relief only addressed his sentences. Therefore, for that additional reason, we find that defendant failed to meet the requirements of R.C. 2953.23(A)(1). *Page 7 
 {¶ 15} Because defendant did not file his petition within the 180-day time period set forth in R.C. 2953.21(A)(2), and because defendant did not satisfy the requirements of the exception contained in R.C.2953.23(A)(1), we find that the trial court lacked jurisdiction to consider the petition. Therefore, we conclude that the trial court properly dismissed the petition. Accordingly, we overrule defendant's third assignment of error. Having overruled defendant's third assignment of error on the basis that the trial court lacked jurisdiction to consider the petition, his first and second assignments of error are rendered moot. See, e.g., Tucker, supra.
 {¶ 16} Based on the foregoing, defendant's third assignment of error is overruled, and his first and second assignments of error are moot. Accordingly, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 SADLER, P.J., and McGRATH, J., concur.
[1] On January 17, 2007, defendant filed a motion for leave to file a delayed appeal. This court denied said motion. See State v.Senu-Oke (Feb. 20, 2007), Franklin App. No. 07AP-51 (Memorandum Decision). *Page 1