OPINION
{¶ 1} Defendant-appellant, Dennis M. Wolfel, appeals from a decision of the Franklin County Court of Common Pleas denying his February 25, 2008 "Motion to Alter or Amend Judgment or, in the Alternative, Vacate Judgment." For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} In 1976, defendant was indicted on one count of rape and one count of kidnapping. The matter went to trial and defendant was convicted of these offenses. The trial court sentenced defendant to five to 25 years in prison as to the rape conviction, and seven to 25 years in prison as to the kidnapping conviction. The sentences in the case *Page 2 
were ordered to be served consecutively, resulting in a total sentence of 12 to 50 years in prison. Defendant appealed to this court, and this court affirmed the judgment of the trial court. See State v. Wolfel
(July 12, 1977), Franklin App. No. 76AP-663.
 {¶ 3} In August 2004, defendant filed a petition for postconviction relief, wherein he argued that the consecutive sentences imposed in this matter in 1976 were unconstitutional in view of Apprendi v. NewJersey (2000), 530 U.S. 466, 120 S.Ct. 2348, and Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531. Defendant alleged that the trial court imposed consecutive sentences based on its finding that defendant was on parole at the time the offenses were committed. The state filed an answer and motion to dismiss defendant's petition for postconviction relief. The trial court did not issue a ruling on defendant's August 2004 postconviction petition.
 {¶ 4} In February 2008, defendant filed a "Motion to Alter or Amend Judgment or, in the Alternative, Vacate Judgment." By this filing, defendant asserted that the trial court denied his August 2004 petition and, relying on Civ. R. 59 and 60(B), requested that the trial court alter, amend, or vacate the judgment denying postconviction relief. Defendant argued that the trial court's decision denying his August 2004 petition was erroneous in view of the Supreme Court of Ohio's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. The trial court denied the motion.
 {¶ 5} Defendant appeals from the trial court's decision denying his February 2008 motion and sets forth the following assignments of error for our review:
 [I.] THE TRIAL COURT DENIED APPELLANT THE RIGHT TO TRIAL BY JURY ON THE ISSUE OF WHETHER HE WAS ON PAROLE AT THE TIME THE UNDERLYING OFFENSES WERE COMMITTED, IN VIOLATION OF THE SIXTH AMENDMENT OF THE U.S. CONSTITUTION. *Page 3 
 [II] THE TRIAL COURT ABUSED ITS DISCRETION AND DEPRIVED APPELLANT OF THE DUE PROCESS OF LAW WHEN IT WRONGLY APPLIED FEDERAL LAW TO A CLAIM FOR POST-CONVICTION RELIEF, HOLDING THAT BLAKELY V. WASHINGTON, 542 U.S. 296 (2004) DID NOT APPLY TO CONSECUTIVE SENTENCING.
 [III] THE TRIAL COURT ABUSED ITS DISCRETION AND DEPRIVED APPELLANT OF THE DUE PROCESS OF LAW, BY DENYING POST-CONVICTION RELIEF ON A "BLAKELY" CLAIM VIA A RULE 60(B) MOTION IN THE LIGHT OF STATE V. FOSTER, 109 Ohio St.3d 1 (2006), BY ERRONEOUSLY HOLDING THAT RELIEF WAS NOT ORIGINALLY DENIED HOLDING BLAKELY DID NOT APPLY TO CONSECUTIVE SENTENCING.
 {¶ 6} By his three assignments of error, defendant generally alleges that the trial court erred in denying his petition for postconviction relief. Defendant, relying on Blakely and Foster, argues that his cumulative sentence in this matter was unconstitutionally based on the trial court's finding of fact that he was on parole at the time he committed the underlying offenses.
 {¶ 7} As a preliminary matter, we note that defendant asserts that the trial court granted the state's motion to dismiss his August 2004 petition for postconviction relief and accordingly dismissed said petition. Although the record contains a draft of a decision dismissing defendant's August 2004 petition, said draft was not signed by the trial court judge. Upon carefully reviewing the record, including the docket sheet, it does not appear that the trial court ruled upon defendant's August 2004 petition for postconviction relief. Thus, defendant's February 2008 motion could be viewed as requesting the trial court to alter, amend, or vacate, a non-existing judgment.
 {¶ 8} We now address the issue of whether the trial court had jurisdiction to entertain defendant's August 2004 petition for postconviction relief. The postconviction *Page 4 
relief process is a civil collateral attack on a criminal judgment, not an appeal of that judgment. State v. Calhoun (1999), 86 Ohio St.3d 279,281. It is a means by which the petitioner may allow the court to reach constitutional issues that would otherwise be impossible to review because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction. State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233. The petition for postconviction relief is thus not intended to provide a defendant with a second opportunity to litigate his conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition.State v. Jackson (1980), 64 Ohio St.2d 107.
 {¶ 9} Under R.C. 2953.21(A)(2), and except as provided in R.C. 2953.23, a postconviction petition must be filed no later than 180 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction. In an uncodified section of S.B. No. 4, which was effective September 21, 1995, the General Assembly included a more generous limitations period for persons convicted prior to the effective date of the Act. SeeState v. Bird (2000), 138 Ohio App.3d 400. Section 3 of S.B. No. 4 provided that such persons "shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later."
 {¶ 10} Additionally, R.C. 2953.23(A)(1) provides that a court may entertain an otherwise untimely petition if both of the following apply: (1) either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period described in R.C. 2953.21(A)(2), the United States Supreme Court recognized a new federal or *Page 5 
state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right; and (2) the petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted, or, if the claim challenges a sentence of death, that, but for constitutional error at the sentencing hearing, no reasonable fact finder would have found the petitioner eligible for the death sentence. See R.C. 2953.23(A)(1)(a) and (b).
 {¶ 11} Defendant was convicted in 1976. Thus, Section 3 of S.B. No. 4 was applicable. However, defendant filed his postconviction petition in August 2004, obviously beyond the period set forth in Section 3 of S.B. No. 4 for filing such a petition. Thus, the issue becomes whether an exception contained in R.C. 2953.23(A) applied.
 {¶ 12} Defendant did not allege that he was unavoidably prevented from discovering facts that support his petition. Additionally, although defendant relied on Blakely in his August 2004 petition, this court has resolved that Blakely did not create a new federal or state right that applies retroactively to petitioners seeking postconviction relief. See, e.g., State v. Wilson, Franklin App. No. 05AP-939, 2006-Ohio-2750, at ¶ 15; State v. Tucker, Franklin App. No. 05AP-1340, 2006-Ohio-4626, at ¶ 11. Thus, R.C. 2953.23(A)(1)(a) did not apply. Moreover, although defendant sought to challenge the consecutive prison sentences imposed, he did not seek to challenge the underlying convictions, and he was not sentenced to death. Therefore, R.C. 2953.23(A)(1)(b) also did not apply. Accordingly, we find that the trial court was without jurisdiction to consider defendant's August 2004 petition for postconviction relief. *Page 6 
 {¶ 13} Defendant's February 2008 motion requested, pursuant to Civ. R. 59 or 60(B), an order altering, amending, or vacating a judgment regarding his August 2004 petition. However, because no such judgment exists, the February 2008 motion could be viewed as a separate postconviction petition collaterally challenging defendant's consecutive sentences, or as an attempt to amend his August 2004 petition with additional support for why he was entitled to postconviction relief.
 {¶ 14} In his February 2008 motion, defendant argued thatFoster, in addition to Blakely, supported his contention that he is entitled to postconviction relief. However, defendant's reliance onFoster in the February 2008 motion did not change the fact that R.C. 2953.23(A)(1)(a) was not satisfied, because Foster is not a decision of the United States Supreme Court, and because Foster, likeBlakely, does not recognize a new federal or state right that applies retroactively. See State v. Searcy, Franklin App. No. 06AP-572,2006-Ohio-6993, at ¶ 7.
 {¶ 15} Lastly, even assuming arguendo that the trial court had jurisdiction to consider defendant's postconviction challenge to his cumulative sentence, his substantive arguments are meritless. Throughout the postconviction proceedings, defendant has essentially argued that his cumulative sentence was unconstitutional in view of Blakely andFoster. Specifically, defendant argues that his cumulative sentence in this matter was unconstitutionally based on the trial court's finding of fact that he was on parole at the time he committed the underlying offenses.
 {¶ 16} Defendant's argument assumes that he was sentenced to consecutive sentences because the trial court found that he was on parole at the time he committed the underlying offenses. Defendant asserts that the trial court expressed on the record at *Page 7 
trial that defendant was on parole when he committed the underlying offenses, but there is no transcript of the trial in the record before this court. On the issue of whether the two sentences would be served concurrently or consecutively, the trial court's July 1, 1976 entry of conviction and sentence simply states "terms to be served consecutive (Total 12-50)." No reference is made in the entry as to whether defendant was on parole when the underlying offenses were committed. Nonetheless, whether the trial court stated at trial that defendant was on parole at the time the offenses were committed is not significant in the final analysis.
 {¶ 17} In Apprendi, at 490, the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." InBlakely, at 303, the United States Supreme Court, in applying the rule in Apprendi, held that the statutory maximum is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the juryverdict or admitted by the defendant." (Emphasis sic.)
 {¶ 18} In Foster, the Supreme Court of Ohio, followingBlakely and Apprendi, found portions of Ohio's felony sentencing scheme, including R.C. 2929.14(E)(4), which required the trial court to make certain findings before imposing consecutive sentences, unconstitutional because those portions required judicial fact finding in violation of a defendant's Sixth Amendment right to a trial by jury. TheFoster court severed the unconstitutional provisions from Ohio's felony sentencing laws. See id. at ¶ 90-102 (applying a severance remedy similar to that adopted in United States v. Booker [2005], 543 U.S. 220,125 S.Ct. 738). *Page 8 
 {¶ 19} Here, the trial court imposed consecutive sentences under the authority of former R.C. 2929.41, which was the applicable sentencing statute in 1976. Defendant was not sentenced to consecutive sentences under the sentencing scheme originally enacted by S.B. 2, which was effective July 1, 1996. Under former R.C. 2929.41(A), and except as provided in former R.C. 2929.41(B), a prison sentence was to be served concurrently with any other prison sentence in any case. Under former R.C. 2929.41(B), a prison sentence was required to be served consecutively with any other prison sentence in specified circumstances, including when the trial court specified that it was to be served consecutively, and when it was imposed for a new felony committed by a probationer, parolee, or escapee. Therefore, under this scheme, consecutive sentences were required if the felony was committed by a probationer, parolee, or escapee, but the trial court was not required to make any findings before it could impose consecutive sentences — it could simply specify that a sentence would be served consecutively to another sentence. Accordingly, we find that defendant was sentenced in compliance with the Sixth Amendment. See Blakely, at 304-305.
 {¶ 20} For the foregoing reasons, we overrule all three of defendant's assignments of error. Accordingly, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
TYACK and T. BRYANT, JJ., concur.
T. BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1