OPINION
{¶ 1} Defendant-appellant, Peter A. Thompkins ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas, which denied his Motion to Vacate and Set Aside Judgment. For the following reasons, we affirm.
 {¶ 2} In State v. Thompkins, Franklin App. No. 06AP-310,2006-Ohio-6148, this court affirmed appellant's conviction for attempted murder and two counts of felonious assault. In State v. Thompkins, Franklin App. No. 07AP-74, 2007-Ohio-4315, this court *Page 2 
affirmed the trial court's judgment denying appellant's November 2, 2006 petition for post-conviction relief.
 {¶ 3} On April 24, 2008, appellant filed a "Motion to Vacate and Set Aside Judgment Pursuant to Civil Rule (60)(B)(5) Pursuant to (Crim. R. 57(B))." The trial court denied the motion without a hearing.
 {¶ 4} Appellant filed a timely appeal and raises the following assignments of error:
 I. Trial Court erred in not granting [appellant] an evidentiary hearing to develop the necessary facts to prove his claim of prosecutorial misconduct/speedy trial/Brady Violation, whereby he was deprived of the right to a fair trial by jury under state and federal constitutions and due process of law.
 II. Ineffective assistance of counsel when counsel failed to investigate medical records and mitigating factors at sentencing.
 III. Brady violation when state failed to correct false and misleading testimony, thus denying defendant's right to a fair trial in violation of the 5th, 6th and 14th Amendments to the U.S. Constitution.
 IV. The state committed prosecutorial misconduct by failing to correct incorrect and misleading statements, thus denying him his right to a fair trial by jury, which is afforded to him under the 5th, 6th, and 14th Amendments to the U.S. Constitution.
 V. The retroactiv[ity] of "Foster" violates [appellant's] sentence by "plain error," in accordance with Article I, section 10 of the U.S. Constitution.
 VI. Ineffective Assistance of Counsel for signing a continuance of speedy trial without the client's best interest, thereby violating the client's right to both due process and equal protection as afforded in the 5th, 6th, 9th, and 14th Amendments of the U.S. Constitution.
 VII. Trial Court erred in that [it] did not grant [appellant's] motion regarding false and misleading statements made by *Page 3 
an unseen/unnamed person, thereby violating [appellant's] rights to a speedy trial under the 5th, 6th, 9th and 14th
Amendments, both due process and equal protection clauses of the U.S. Constitution and 2945.21
R.C.
 VIII. The conviction of attempted murder is against the manifest weight of evidence in light of the medical records presented.
 {¶ 5} We consider appellant's assignments of error together.
 {¶ 6} Appellant filed his motion pursuant to Civ. R. 60(B)(5), which allows relief from a judgment or order for "any other reason justifying relief from judgment." Appellant also cites Crim. R. 57(B), which allows for the incorporation of the civil rules and provides that, "[i]f no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists."
 {¶ 7} By asserting Civ. R. 60(B), appellant attempts to incorporate the civil rules through Crim. R. 57(B). As we noted, however, Crim. R. 57(B) allows such incorporation only where there is no applicable rule. Here, "Crim. R. 35, which sets forth the procedure by which criminal defendants can file petitions for postconviction relief, was available * * * and serves the same purpose as the Civ. R. 60(B) motion." State v.Schlee, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 11.
 {¶ 8} Regardless of the label on the motion, a trial court may recast a motion that (1) is filed subsequent to the defendant's direct appeal, (2) claims a denial of constitutional rights, (3) seeks to render the judgment void, and (4) asks to vacate the judgment and sentence, as a petition for post-conviction relief under *Page 4 
R.C. 2953.21(A)(1). Schlee at ¶ 12. But even if recast as a post-conviction petition, appellant's motion fails.
 {¶ 9} Appellant's right to post-conviction relief arises from R.C. 2953.21(A)(1)(a), which provides:
 Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
 {¶ 10} The post-conviction relief process is a collateral civil attack on a criminal judgment, not an appeal of the judgment. State v.Steffen, 70 Ohio St.3d 399, 410, 1994-Ohio-111. It is a means to reach constitutional issues that would otherwise be impossible to reach because the trial court record does not contain evidence supporting those issues. State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233. Appellant does not have a constitutional right of post-conviction review. Rather, post-conviction relief is a narrow remedy that affords appellant no rights beyond those granted by statute.State v. Calhoun, 86 Ohio St.3d 279, 281, 1999-Ohio-102. A post-conviction petition does not provide appellant a second opportunity to litigate his conviction. State v. Hessler, Franklin App. No. 01AP-1011, 2002-Ohio-3321.
 {¶ 11} A petitioner seeking post-conviction relief is not automatically entitled to an evidentiary hearing. Calhoun at 282. The trial court "shall determine whether there are substantive grounds for relief" before granting a hearing on a post-conviction petition. *Page 5 
R.C. 2953.21(C). Pursuant to R.C. 2953.21(C), a trial court properly denies a post-conviction petition without an evidentiary hearing if the petition, supporting documents, and court record "do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." Calhoun at 291.
 {¶ 12} A trial court may also dismiss a petition for post-conviction relief without holding an evidentiary hearing when the doctrine of res judicata bars the claims raised in the petition. State v. Szefcyk,77 Ohio St.3d 93, 1996-Ohio-337. "Res judicata is applicable in all postconviction relief proceedings." Id. at 95. Under the doctrine of res judicata, a defendant who was represented by counsel is barred from raising an issue in a petition for post-conviction relief if the defendant raised or could have raised the issue at trial or on direct appeal. Id., syllabus; State v. Reynolds, 79 Ohio St.3d 158, 161,1997-Ohio-304. For a defendant to avoid dismissal of the petition by operation of res judicata, the evidence supporting the claims in the petition must be competent, relevant, and material evidence outside the trial court record, and it must not be evidence that existed or was available for use at the time of the trial. State v. Cole (1982),2 Ohio St.3d 112, syllabus; State v. Lawson (1995), 103 Ohio App.3d 307, 315.
 {¶ 13} Applying these general principles here, we conclude, first, that res judicata bars appellant's claims. In his motion, appellant raises issues he either did litigate previously or could have litigated previously.
 {¶ 14} Second, appellant's petition was untimely. Under R.C. 2953.21(A)(2), a petition is due within 180 days after the time the transcripts were filed in a direct appeal. Transcripts were filed in appellant's appeal on May 10, 2006. Therefore, appellant's April 24, 2008 motion was well outside the 180-day time frame. *Page 6 
 {¶ 15} Third, R.C. 2953.23(A) precludes a trial court from considering successive post-conviction petitions unless R.C. 2953.23(A)(1) or (2) applies, as follows:
 (1) Both of the following apply:
 (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 (2) The petitioner was convicted of a felony, the petitioner is an inmate for whom DNA testing was performed * * *, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense * * *.
 {¶ 16} Appellant has not met these conditions. He argues that re-sentencing is appropriate under State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. This court has held, however, that Foster did not create a "new federal or state right that applies retroactively" for purposes of R.C. 2953.23(A)(1)(a), nor is it a decision of the United States Supreme Court. State v. Wolfel, Franklin App. No. 08AP-388,2008-Ohio-4596, ¶ 14. And, in any event, this court has previously determined that res judicata bars appellant's claims arising fromFoster. Thompkins, 2007-Ohio-4315, fn. 2. Therefore, R.C. 2953.23(A) bars his successive petition. *Page 7 
 {¶ 17} For all these reasons, we overrule appellant's assignments of error. We affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
McGRATH, P.J., and T. BRYANT, J., concur.
T. BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1