DECISION
{¶ 1} Defendant-appellant, Jason Rippey, appeals from a judgment of the Franklin County Court of Common Pleas denying his "Motion To Vacate And Void Judgment, With Oral Hearing Demanded And Applied for, Including For the Court to Take Judicial Notice of Adjudicative Facts Pursuant to Rules of Evidence 201." Because the trial court properly denied defendant's motion, we affirm.
 {¶ 2} By indictment filed June 21, 2003, defendant was charged with one count of murder in violation of R.C. 2903.02, with two specifications alleging violations of R.C. *Page 2 2941.145 and 2941.141, respectively. The second count of the indictment charged defendant with one count of having a weapon under disability in violation of R.C. 2923.13. Although the second count was tried to the court, a jury heard and determined the murder charge; defendant was found guilty of both charges.
 {¶ 3} Following sentencing, defendant appealed. This court affirmed defendant's conviction, concluding both sufficient evidence and the manifest weight of the evidence supported defendant's convictions.State v. Rippey, Franklin App. No. 04AP-960, 2005-Ohio-2639. The Supreme Court of Ohio denied leave to appeal. State v. Rippey,108 Ohio St.3d 1414, 2006-Ohio-179.
 {¶ 4} Defendant also filed an application for reopening in this court. By memorandum decision rendered on December 6, 2005, this court denied the application, concluding defendant failed to set forth any colorable claim that (1) his Fifth Amendment right to remain silent was violated, or (2) the trial court erred in failing to instruct on a lesser included offense. Defendant appealed that decision to the Supreme Court of Ohio, where it was dismissed as not involving any substantial constitutional question. State v. Rippey, 108 Ohio St.3d 1490, 2006-Ohio-962.
 {¶ 5} On August 21, 2006, defendant filed the motion that is the subject of his current appeal. Defendant contends his conviction is void because the specifications charged in the indictment were not submitted to the jury on verdict forms separate from the verdict form for murder. According to the record, the trial court submitted two verdict forms to the jury: one in which the jury found defendant not guilty of the murder as *Page 3 
charged in the indictment, and the other finding him guilty of murder. On the form finding defendant guilty of murder, two paragraphs follow:
We, the jury do further find that the Defendant Jason Rippey whileCommiting Murder did have a firearm on or about his person or under hiscontrol.
We, the jury do further find that the Defendant Jason Rippey whilecommitting Murder did use a firearm to facilitate the commition of theoffense.
All 12 jurors signed the verdict form finding defendant guilty of murder and the two specifications.
 {¶ 6} The trial court denied defendant's motion finding (1) the issue concerning the allegedly defective verdict forms should have been raised on direct appeal, and (2) the court lacked jurisdiction to entertain the motion. Defendant appeals, assigning two errors:
 ASSIGNMENT OF ERROR NUMBER I
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO GRANT THE CIVIL RULE 60(B) MOTION.
 ASSIGNMENT OF ERROR NUMBER II
 THE TRIAL COURT ERRED WHEN FAILING TO AMEND OR CORRECT THE DEFIENCY [sic] OF THE JURY VERDICT FORM THUS IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION. *Page 4 
 {¶ 7} Defendant's first assignment of error asserts that because the trial court's deficient verdict forms violated his constitutional rights, the trial court should have granted his motion to vacate his sentence. In support of his contentions defendant cites Ohio Jury Instruction 413.50, contending it provides that (1) "[specifications must be modified to the facts alleged in the indictment," and (2) "[submission of seperate [sic] pages for seperate [sic] signatures is recommended." (Defendant's brief, 4.) Relying on State v. Tyson (1984),19 Ohio App.3d 90, defendant then asserts the trial court was required to provide "a jury form seperately [sic] responsive to specification instructions." Id.
 {¶ 8} Generally, where a criminal defendant, subsequent to his direct appeal, files a motion seeking to vacate or correct his sentence on the basis that his constitutional rights have been violated, such a motion is deemed a petition for post-conviction relief. State v. Reynolds
(1997), 79 Ohio St.3d 158, 160. Accordingly, we address defendant's motion under R.C. 2953.21 et seq.
 {¶ 9} A post-conviction relief petition is a collateral civil attack on a criminal judgment, not an appeal of the judgment. State v.Steffen (1994), 70 Ohio St.3d 399, 410. "It is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained" in the trial court record. State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233, discretionary appeal not allowed (2001), 92 Ohio St.3d 1441. R.C. 2953.21 affords a prisoner post-conviction relief "only if the court can find that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution." State v.Perry (1967), 10 Ohio St.2d 175, paragraph four of *Page 5 
the syllabus. A post-conviction petition does not provide a petitioner a second opportunity to litigate his or her conviction. State v.Hessler, Franklin App. No. 01AP-1011, 2002-Ohio-3321, at ¶ 32;Murphy, supra.
 {¶ 10} A trial court may dismiss a petition for post-conviction relief when the claims raised in the petition are barred by the doctrine of res judicata. State v. Szefcyk (1996), 77 Ohio St.3d 93, syllabus, approving and following Perry, supra, at paragraph nine of the syllabus. "Res judicata is applicable in all postconviction relief proceedings."Szefcyk, at 95. Under the doctrine of res judicata, a defendant who was represented by counsel is barred from raising an issue in a petition for post-conviction relief if defendant raised or could have raised the issue at trial or on direct appeal. Szefcyk, syllabus;Reynolds, supra, at 161; Hessler, at ¶ 36.
 {¶ 11} For a defendant to avoid dismissal of the petition by operation of res judicata, the evidence supporting the claims in the petition must be competent, relevant, material, and outside the trial court record. Such evidence also must have been nonexistent or unavailable for use at the time of trial. State v. Lawson (1995), 103 Ohio App.3d 307, 315, discretionary appeal not allowed, 74 Ohio St.3d 1404; State v.Braden, Franklin App. No. 02AP-954, 2003-Ohio-2949, at ¶ 27, 36, certiorari denied, 540 U.S. 865, 124 S.Ct. 182.
 {¶ 12} Here, defendant contends the verdict forms render his conviction void. "Where a judgment of conviction is rendered by a court having jurisdiction over the person of the defendant and jurisdiction of the subject matter, such judgment is not void, and the cause of action merged therein becomes res judicata as between the state and *Page 6 
the defendant." Perry, supra, at paragraph six of the syllabus. Defendant does not contend the trial court lacked jurisdiction over his person or of the subject matter. Accordingly, his conviction is not void, and the doctrine of res judicata properly may be applied to defendant's petition to bar consideration of issues that were or could have been raised on direct appeal. Because defendant's motion argues a defect in the verdict forms, and thus presents an issue that could have been raised at the time of trial or on direct appeal without resort to evidence outside the record, res judicata bars defendant's petition for post-conviction relief.
 {¶ 13} Moreover, to the extent defendant's motion be deemed a petition for post-conviction relief, the trial court properly concluded it lacked jurisdiction. R.C. 2953.21(A)(2) provides the time limitation for filing a petition for post-conviction relief, stating that, except as provided in R.C. 2953.23, the petition must be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." Defendant's motion was filed on August 21, 2006; the trial transcript was filed in the court of appeals on November 3, 2004. Defendant's motion thus is untimely, leaving the trial court without jurisdiction to consider defendant's petition. State v. Wilson, Franklin App. No. 05AP-939, 2006-Ohio-2750, ¶ 16.
 {¶ 14} Pursuant to R.C. 2953.23(A), a court may not entertain an untimely petition unless defendant initially demonstrates he either was unavoidably prevented from discovery of facts necessary for the claim for relief or the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in defendant's *Page 7 
situation. If defendant satisfies one of those two conditions, he must also demonstrate that but for the constitutional error at trial, no reasonable factfinder would have found him guilty of the offenses of which he was convicted. Here, defendant points to no newly recognized federal or state right under R.C. 2953.23(A)(1), nor to the discovery of any new facts he was prevented from obtaining. Instead, defendant contends the trial court erred in failing to comply with the recommendation in Ohio Jury Instructions. Accordingly, he failed to show an exception to the 180-day filing period applies. As defendant filed his motion well past the allotted time period, the trial court properly found it lacked jurisdiction.
 {¶ 15} Moreover, even if, as defendant suggests, we were to deem defendant's motion properly filed under Civ.R. 60(B), defendant still would not prevail. A Civ.R. 60(B) motion for relief from judgment must satisfy a three-prong test. The movant must demonstrate (1) it has a meritorious defense or claim to present if relief is granted, (2) it is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time and, where the grounds for relief are Civ.R. 60(B)(1) through (3), not more than one year after the judgment, order, or proceeding was entered or taken. GTE Automatic Elec. v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. A movant is not entitled to relief if any one of the GTE factors is not met. Strack v. Pelton (1994),70 Ohio St.3d 172, 174.
 {¶ 16} An appellate court reviews a trial court's denial of a Civ.R. 60(B) motion under an abuse of discretion standard. Harris v.Anderson, 109 Ohio St.3d 101, 2006-Ohio-1934; State ex rel. Russo v.Deters (1997), 80 Ohio St.3d 152, 153; Oberkonz v. Gosha, Franklin App. No. 02AP-237, 2002-Ohio-5572, at ¶ 12. The phrase "abuse of *Page 8 
discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn. (1995),72 Ohio St.3d 106, 107; Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
 {¶ 17} Defendant's argument in support of his first assignment of error correctly notes that in some limited circumstances a Civ.R. 60(B) motion will be appropriate in a criminal case. See State v.Scruggs, Franklin App. No. 02AP-621, 2003-Ohio-2019, at ¶ 18. Defendant, however, does not explain how he meets any of the requisites for Civ.R. 60(B) relief as set forth in GTE. Instead, defendant apparently intends to use his Civ.R. 60(B) motion as a substitute for appeal to bring to the attention of the trial court, and now this court on appeal, the alleged deficiencies defendant perceives in the verdict forms used during his trial. Because a Civ.R. 60(B) motion is not a substitute for appeal, the trial court properly denied the motion. Brennan v.Brennan, Greene App. No. 2006 CA 55, 2007-Ohio-2097, at ¶ 8.
{¶ l8} Accordingly, whether defendant's motion is considered a post-conviction relief petition or a Civ.R. 60(B) motion, the trial court properly denied it. Defendant's first assignment of error is overruled, rendering moot his second assignment of error, and the judgment of the trial court is affirmed.
Judgment affirmed.
 BROWN and McGRATH, JJ., concur. *Page 1