OPINION
{¶ 1} Defendant-appellant, Raul Santiago, appeals from a judgment of the Franklin County Court of Common Pleas that denied his motion to vacate a void judgment. For the following reasons, we affirm that judgment.
 {¶ 2} In 2001, a Franklin County grand jury indicted appellant with one count of aggravated murder with a firearm specification. The charge arose from the shooting death of Antonio Phillips. After a trial, a jury found appellant guilty of aggravated murder and the attendant firearm specification. The trial court sentenced him accordingly. Appellant appealed his convictions to this court, arguing that: (1) the State improperly *Page 2 
excluded African-American jurors from the jury; (2) the trial court improperly admitted hearsay and irrelevant and inadmissible testimony; and (3) he received ineffective assistance of counsel. This court rejected appellant's arguments and affirmed his convictions. State v.Santiago, Franklin App. No. 02AP-1094, 2003-Ohio-2877.[1]
 {¶ 3} On July 18, 2007, appellant filed in the trial court a "Motion to Vacate Void Judgment Pursuant to Civil Rule 60(B) and Relief from Judgment Pursuant to Criminal Rule 57(B)." He claimed that his conviction was void due to defects in the verdict form. Specifically, he claimed that the finding of guilt on the firearm specification was erroneously on the same form as the finding of guilt on the aggravated murder charge. The trial court denied appellant's motion based on res judicata.
 {¶ 4} Appellant now appeals and assigns the following error:
 The trial court erred when it denied Appellant's Civil Rule 60(B) motion as a successive petition for post-conviction relief.
 {¶ 5} Appellant maintains that the trial court should not have construed his motion as a petition for post-conviction relief. SeeState v. Reynolds (1997), 79 Ohio St.3d 158, 160. However, regardless of whether the trial court construed appellant's motion as a petition for post-conviction relief or a Civ.R. 60(B) motion,[2] it still properly denied the motion.
 {¶ 6} This court recently considered a very similar factual pattern inState v. Rippey, Franklin App. No. 06AP-1229, 2007-Ohio-4521. In that case, after this court *Page 3 
affirmed Rippey's convictions on appeal (and later denied a request to reopen), Rippey filed a motion in the trial court to vacate his void judgment based on the fact that two firearm specifications were not submitted to the jury on verdict forms separate from the verdict form for murder. Id. at ¶ 3-5. The trial court denied his motion.
 {¶ 7} We affirmed the denial of Rippey's motion. This result was required regardless of whether Rippey's motion was construed as a petition for post-conviction relief or a Civ.R. 60(B) motion. If the motion was a petition for post-conviction relief, we concluded that the denial was proper based on res judicata and because the motion was untimely. Id. at ¶ 12-14. If the motion was construed as one filed under Civ.R. 60(B), we concluded that Rippey failed to demonstrate compliance with the requirements for relief under that rule. Id. at ¶ 17.
 {¶ 8} In the present case, if appellant's motion is construed as a petition for post-conviction relief, his claim could have been raised at the time of trial or on direct appeal. Thus, res judicata bars his claim for relief. Id.; State v. Perry (1967), 10 Ohio St.2d 175. Additionally, his motion was not timely filed,[3] and he does not claim any exception to the rule that a trial court may not consider an untimely petition. R.C. 2953.23(A).
 {¶ 9} Finally, if appellant's motion is construed as a Civ.R. 60(B) motion, appellant makes no attempt to explain how he meets the requirements for relief under *Page 4 
that rule. GTE Automatic Elec. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 10} Accordingly, regardless of whether appellant's motion is construed as a petition for post-conviction relief or a Civ.R. 60(B) motion, the trial court properly denied it. Appellant's lone assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
SADLER, P.J., and PETREE, J., concur.
[1] Subsequently, this court denied as untimely appellant's attempt to reopen his appeal based on ineffective assistance. State v.Santiago, Franklin App. No. 02AP-1094 (Memorandum Decision).
[2] We assume for purposes of this decision that appellant could properly challenge his conviction via a Civ.R. 60(B) motion. State v.Randlett, Franklin App. No. 06AP-1073, 2007-Ohio-3546, at ¶ 9.
[3] R.C. 2953.21(A)(2). Appellant filed the trial transcript in his appeal to this court on November 21, 2002. His motion to vacate was filed on July 18, 2007, much later than 180 days after the filing of the transcript. *Page 1