OPINION
{¶ 1} In this appeal, defendant-appellant, Mark W. Frash, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion for relief from judgment.
 {¶ 2} On May 26, 2000, appellant entered a guilty plea to: robbery, a violation of R.C. 2911.02, a felony of the second degree; and felonious assault, a violation of R.C. 2903.11, a felony of the second degree. Appellant did not file a direct appeal.
 {¶ 3} In June 2008, appellant filed with the trial court a "Motion to Void Judgment Pursuant to Rule 60(B)(4), (5), and (6)." In that motion, appellant argued that the *Page 2 
indictment was structually defective, relying upon the Supreme Court of Ohio's recent decision in State v. Colon, 118 Ohio St.3d 26,2008-Ohio-1624 ("Colon I"). The state opposed appellant's motion. By decision and entry filed September 4, 2008, the trial court denied appellant's motion on the basis that Colon I was prospective in nature, and, thus, was inapplicable to appellant's case.
 {¶ 4} Appellant appeals and sets forth the following single assignment of error for this court's review:
 THE APPELLANT WAS DENIED HIS RIGHTS GUARANTEED BY ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION, 5TH AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION WHEN THE STATE CONVICTED AND SENTENCED HIM VIA AN INDICTMENT THAT LACKED AN ESSENTIAL MENS REA ELEMENT THEREBY, DIVESTING THE TRIAL COURT OF JURISDICTION AND THEREFORE, THE COURT ABUSED IT'S DISCRETION WHEN IT DENIED THE APPELLANT'S MOTION TO VOID JUDGMENT WHICH SEEKED TO CORRECT THE ERROR.
 {¶ 5} In his single assignment of error, appellant argues that the trial court abused its discretion in denying his motion. Appellant argues that the Supreme Court of Ohio's recent decision in Colon I, supra, mandates that he be permitted to withdraw his guilty plea because the indictment was defective as failing to include the mens rea of the crimes. We disagree, concluding that appellant's motion before the trial court suffers at least two fatal deficiencies: it is untimely andColon I does not apply to appellant's case.
A. Timeliness {¶ 6} Appellant filed his motion pursuant to "Rule 60(B)(4), (5), and (6)," intending to invoke the provisions of Civ. R. 60(B) that allow the trial court to grant relief from judgment. The Supreme Court of Ohio, however, clarified that Civ. R. 60(B) does not *Page 3 
apply in these circumstances. See State v. Schlee, 117 Ohio St.3d 153,2008-Ohio-545, at ¶ 12. Rather than dismiss the motion as wrongly filed, the trial court appropriately considered appellant's motion to be a petition for postconviction relief under R.C. 2953.21. Id. at syllabus (stating "[t]he trial court may recast an appellant's motion for relief from judgment as a petition for postconviction relief when the motion has been unambiguously presented as a Civ. R. 60(B) motion").
 {¶ 7} A petition for postconviction relief under R.C. 2953.21 is a collateral civil attack on a criminal judgment, not an appeal of the judgment. State v. Steffen (1994), 70 Ohio St.3d 399, 410. "It is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record." State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233, discretionary appeal not allowed (2001), 92 Ohio St.3d 1441. R.C. 2953.21 affords a prisoner postconviction relief "only if the court can find that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution." State v. Perry (1967),10 Ohio St.2d 175, paragraph four of the syllabus. A postconviction petition does not provide a petitioner a second opportunity to litigate his or her conviction. State v. Hessler, Franklin App. No. 01AP-1011, 2002-Ohio-3321, at ¶ 32.
 {¶ 8} Effective September 21, 1995, R.C. 2953.21 was amended to require that a petition under R.C. 2953.23(A) be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." R.C. 2953.21(A)(2). The amendment further provided that "[i]f no appeal is taken * * * the petition shall be filed no later than one *Page 4 
hundred eighty days after the expiration of the time for filing the appeal." Id.; see, also, Uncodified Law, 1995 S.B. No. 4, Section 3 (providing that a person who is sentenced "prior to the effective date of this act * * * shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later").
 {¶ 9} Because appellant's sentence of May 26, 2000, occurred after the effective date of amended R.C. 2953.21, appellant, who did not appeal his conviction, was required to file his petition within 180 days after the expiration of the time for filing an appeal. Appellant filed his motion approximately eight years later, making it untimely and leaving the court without jurisdiction to consider it. State v. Rippey, Franklin App. No. 06AP-1229, 2007-Ohio-4521; State v. Robinson, Franklin App. No. 06AP-368, 2006-Ohio-6649; State v. Bivens, Franklin App. No. 05AP-1270,2006-Ohio-4340.
 {¶ 10} Pursuant to R.C. 2953.23(A), a court may not entertain an untimely petition unless defendant initially demonstrates either: (1) he is unavoidably prevented from discovering facts necessary for the claim for relief; or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in defendant's situation. R.C. 2953.23(A)(1)(a). If appellant were able to satisfy one of those two conditions, R.C. 2953.23(A) requires he also demonstrate that, but for the constitutional error at trial, no reasonable fact finder would have found him guilty of the offenses of which he was convicted. R.C. 2953.23(A)(1)(b). Appellant apparently attempts to circumvent the untimeliness of his motion by pointing to the Supreme Court of Ohio's opinion in Colon I and suggesting it creates a new right that applies to his situation. *Page 5 
 {¶ 11} Apart from any other difficulties appellant may have in attempting to fall within the provisions of R.C. 2953.23(A)(1)(a) that address whether the United States Supreme Court recognized a new federal or state right to be applied retroactively to persons in appellant's situation, he cannot meet the retroactivity requirement. In State v.Colon, 119 Ohio St.3d 204, 2008-Ohio-3749 ("Colon II"), the Supreme Court of Ohio reconsidered Colon I and specifically stated that its decision in Colon I set forth a holding that "is only prospective in nature"; it therefore does not apply retroactively. Colon II, at ¶ 3. Accordingly, the common pleas court was without jurisdiction to consider appellant's motion.
B. Colon {¶ 12} Even if appellant had met the procedural requirements of R.C. 2953.21, his petition would have to be denied.
 {¶ 13} As stated above, appellant's petition seeking to applyColon I to his case fails because the Supreme Court of Ohio in ColonII made clear that its decision in Colon I applies only prospectively. As the Supreme Court explained in Colon II, to apply Colon I
prospectively is "in accordance with our general policy that newly declared constitutional rules in criminal cases are applied prospectively, not retrospectively." Id. at ¶ 3. As a result, "the new rule applie[s] to cases pending on the announcement date" of ColonI. Id., quoting State v. Evans (1972), 32 Ohio St.2d 185, 186. "The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies." Id. at ¶ 4, quoting Ali v. State,104 Ohio St.3d 328, 2004-Ohio-6592, at ¶ 6. *Page 6 
 {¶ 14} Appellant's case became final when he failed to appeal from the trial court's May 26, 2000 judgment entry. Because his judgment was final long before Colon I was announced, Colon I does not apply to appellant's conviction.
C. Conclusion {¶ 15} For the foregoing reasons, the trial court properly denied appellant's motion. As such, we overrule appellant's single assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 BROWN and TYACK, JJ., concur. *Page 1