DECISION
{¶ 1} Defendant-appellant, Lamarr Pete Newbern, appeals from a judgment of the Franklin County Court of Common Pleas denying defendant's "Motion to Void Judgment Pursuant to Rule 60(B) (4), (5), and (6)." Defendant assigns a single error:
 ASSIGNMENT OF ERROR
 THE APPELLANT WAS DENIED HIS RIGHTS GUARANTEED BY ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION, 5th AND 14th AMENDMENTS OF THE UNITED STATES CONSTITUTION WHEN THE STATE CONVICTED AND SENTENCED HIM VIA AN INDICTMENT *Page 2 
THAT OMITTED AN ESSENTIAL MENS REA ELEMENT AND THE COURT ABUSED IT's [sic] DISCRETION WHEN IT DENIED THE APPELLANT'S MOTION TO VOID JUDGMENT WHICH SEEKED [sic] TO CORRECT THE ERROR.
Because the trial court properly denied defendant's motion, we affirm.
I. Procedural History {¶ 2} Through an indictment filed on May 28, 2002, defendant was charged with (1) one count of aggravated robbery, a first-degree felony in violation of R.C. 2911.01, one count of robbery, a second-degree felony in violation or R.C. 2911.02, one count of robbery, a third-degree felony in violation of R.C. 2911.02, three counts of kidnapping, a first-degree felony in violation of R.C. 2905.01, all with two firearm specifications, as well as (2) two counts of felony fleeing, one charged as a third-degree felony and the other as a fourth-degree felony in violation of R.C. 2921.331.
 {¶ 3} Pursuant to jury trial, defendant was convicted of all counts except the third-degree felony fleeing charge. After merging counts and specifications, the trial court sentenced defendant to nine years on the aggravated robbery count, to be served concurrently with 12 months for the felony fleeing charge, but consecutively to a mandatory three-year term of imprisonment on the firearm specification. Defendant appealed, and this court affirmed. State v. Newbern, Franklin App. No. 03AP-977,2004-Ohio-3694.
 {¶ 4} On June 2, 2006, defendant filed a petition for post-conviction relief, contending his sentence violated Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531. The trial court denied the petition, concluding it not only was untimely but was barred by res judicata because defendant could have raised the issue on appeal. *Page 3 
 {¶ 5} On July 16, 2008, defendant filed a motion to void the trial court's judgment, basing his motion on the Supreme Court of Ohio's decision in State v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624
("Colon I"). The common pleas court, by decision and entry filed September 17, 2008, denied defendant's motion because (1) it was an untimely successive petition for post-conviction relief, and (2)Colon I does not apply retroactively to the circumstances of defendant's case. Defendant appeals, contending the trial court wrongly denied his motion.
II. Assignment of Error {¶ 6} Defendant's motion before the trial court suffers at least two fatal deficiencies: it is untimely and Colon I does not apply to defendant's case.
A. Timeliness
 {¶ 7} Defendant filed his motion pursuant to "Rule 60(B) (4), (5), and (6)," intending to invoke the provisions of Civ. R. 60(B) that allow the trial court to grant relief from judgment. The Supreme Court of Ohio, however, clarified that Civ. R. 60(B) does not apply in these circumstances. See State v. Schlee, 117 Ohio St.3d 153, 2008-Ohio-545, at ¶ 12. Rather than dismiss the motion as wrongly filed, the trial court appropriately considered defendant's motion to be a petition for post-conviction relief under R.C. 2953.21. Id. at syllabus (stating "[t]he trial court may recast an appellant's motion for relief from judgment as a petition for postconviction relief when the motion has been unambiguously presented as a Civ. R. 60[B] motion").
 {¶ 8} A petition for post-conviction relief under R.C. 2953.21 is a collateral civil attack on a criminal judgment, not an appeal of the judgment. State v. Steffen (1994), 70 Ohio St.3d 399, 410. "It is a means to reach constitutional issues which would otherwise *Page 4 
be impossible to reach because the evidence supporting those issues is not contained in the record." State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233, discretionary appeal not allowed (2001),92 Ohio St.3d 1441. R.C. 2953.21 affords a prisoner post-conviction relief "only if the court can find that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution."State v. Perry (1967), 10 Ohio St.2d 175, paragraph four of the syllabus. A post-conviction petition does not provide a petitioner a second opportunity to litigate his or her conviction. State v.Hessler, Franklin App. No. 01AP-1011, 2002-Ohio-3321, at ¶ 32;Murphy, supra.
 {¶ 9} Effective September 21, 1995, R.C. 2953.21 was amended to require that a petition under R.C. 2953.21(A) be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." R.C. 2953.21(A)(2). Because defendant's sentence, journalized by judgment entry filed September 25, 2003, occurred after the effective date of amended R.C. 2953.21, defendant was required to file his petition within 180 days after the date on which the trial transcript was filed in the court of appeals in the direct appeal of the judgment of conviction.
 {¶ 10} Defendant's trial transcript was filed on December 1, 2003 in this court for purposes of his direct appeal. Defendant filed his motion to void his sentence on July 16, 2008, making it untimely and leaving the court without jurisdiction to consider it. State v. Rippey, Franklin App. No. 06AP-1229, 2007-Ohio-4521; State v. Robinson, Franklin App. No. 06AP-368, 2006-Ohio-6649; State v. Bivens, Franklin App. No. 05AP-1270,2006-Ohio-4340. *Page 5 
 {¶ 11} Pursuant to R.C. 2953.23(A), a court may not entertain an untimely petition unless defendant initially demonstrates either (1) he is unavoidably prevented from discovering facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in defendant's situation. R.C. 2953.23(A)(1)(a). If defendant were able to satisfy one of those two conditions, R.C. 2953.23(A) requires he also demonstrate that but for the constitutional error at trial, no reasonable fact finder would have found him guilty of the offenses of which he was convicted. R.C. 2953.23(A)(1)(b). Defendant apparently attempts to circumvent the untimeliness of his motion by pointing to the Supreme Court of Ohio's opinion in Colon I and suggesting it creates a new right that applies to his situation.
 {¶ 12} Apart from the other difficulties defendant may have in attempting to fall within the provisions of R.C. 2953.23(A)(1)(a) that address whether the United States Supreme Court recognized a new federal or state right to be applied retroactively to persons in defendant's situation, he cannot meet the retroactivity requirement. In State v.Colon, 119 Ohio St.3d 204, 2008-Ohio-3749 ("Colon II"), the Supreme Court of Ohio reconsidered Colon I and specifically stated that its decision in Colon I set forth a holding that "is only prospective in nature"; it therefore does not apply retroactively. Colon II, at ¶ 3. Accordingly, the common pleas court was without jurisdiction to consider defendant's motion to vacate.
B. Colon
 {¶ 13} Even if defendant had met the procedural requirements of R.C. 2953.21, his petition would have to be denied. *Page 6 
 {¶ 14} Defendant's petition seeking to apply Colon I to his case fails because the Supreme Court of Ohio in Colon II made clear that its decision in Colon I applies only prospectively. As the Supreme Court explained in Colon II, to apply Colon I prospectively is "in accordance with our general policy that newly declared constitutional rules in criminal cases are applied prospectively, not retrospectively." Id. at ¶ 3. As a result, "the new rule applie[s] to the cases pending on the announcement date" of Colon I. Id., quoting State v. Evans (1972),32 Ohio St.2d 185, 186. "The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies." Id. at ¶ 4, quoting Ali v. State, 104 Ohio St.3d 328, 2004-Ohio-6592, at ¶ 6.
 {¶ 15} Defendant's case became final when the Supreme Court of Ohio refused his motion for delayed appeal on August 10, 2005. State v.Newbern, 106 Ohio St.3d 1480, 2005-Ohio-3978. Because his judgment was final long before Colon I was announced, Colon I does not apply to defendant's conviction.
 {¶ 16} For the foregoing reasons, the trial court properly denied defendant's motion to vacate. We overrule defendant's single assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
 KLATT and SADLER, JJ., concur. *Page 1